GUSSIE MILLER *et al.*

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Opinion filed December 18, 1899—Rehearing denied February 8, 1900.*

1. JURORS—*section 9 of act on jurors applies to city courts.* Section 9 of the act on jurors, (Rev. Stat. 1874, p. 631,) providing that when a grand jury is needed the county board shall select twenty-three men from the county, proportionately, as near as may be, from each town or precinct, applies to city courts organized under the act of 1874.

2. SAME—*section 9 of act on jurors does not operate to extend jurisdiction of city courts.* The application to city courts of section 9 of the act on jurors, providing for the selection of the grand jurors from the county, does not have the effect of extending the jurisdiction of such courts, and hence is not unconstitutional on that ground.

3. SAME—*city court may summon grand jurors from county.* Since the sheriff, who attends upon sessions of the city court, is authorized to serve papers in any part of the county, such court may summon grand jurors from all parts of the county.

4. CRIMINAL LAW—*grand jury summoned from city for city court is not a legal body.* A grand jury selected wholly from within the limits of a city by the order of a judge of a city court organized under the act of 1874 is not a legal grand jury, and an indictment returned by it is not good. (*Bell* v. *People*, 1 Scam. 397, distinguished.)

WRIT OF ERROR to the City Court of East St. Louis; the Hon. SILAS COOK, Judge, presiding.

MESSICK, MOYERS & CROW, for plaintiffs in error:

Grand jurors required by law or by the order of a judge, for any term of court, must be drawn by the county board of the county where the court is holden, and the clerk must certify the names to the clerk of the court for which drawn, who shall issue a venire and deliver the same to the sheriff of the county, who shall summon them, and for failure to summon them he shall be guilty of contempt. Rev. Stat. chap. 78, sec. 9.

The act creating city courts provides that the sheriff shall perform the same duties in said court in respect thereto and the process thereof, and have the same pow-

ers, be subject to the same liabilities and penalties and be entitled to the same fees, as in the circuit court of such county. Rev. Stat. chap. 37, sec. 8.

The City Court act only determines that such courts shall hear and determine cases arising within the city, but everything relating to the machinery of the trial and practice is left as in the circuit courts, so far as may be. Rev. Stat. chap. 37.

MARTIN D. BAKER, State's Attorney, and ALEX. W. HOPE, for the People:

By section 1 of the act in relation to courts of record in cities, it is provided such courts shall have concurrent jurisdiction with the circuit courts within the city in which the same may be, in all civil cases and in all criminal cases except treason and murder, and in appeals from justices of the peace in said city, and the course of proceedings and practice in such courts shall be the same as in the circuit courts, as far as may be. 1 Starr & Cur. Stat. chap. 37, p. 1200.

City courts having concurrent jurisdiction with circuit courts within such cities in criminal cases, the power of such courts to summon a grand jury does not depend for its exercise upon any statute conferring that right. They possess this power at common law. Our Jury act does not deprive the circuit courts of their common law power to summon a grand jury. *Stone* v. *People,* 2 Scam. 326.

Grand juries for city courts must not be chosen from the body of the county in which such cities are situated, but from the corporate limits of the city for which the court is created. *Bell* v. *People,* 1 Scam. 399.

The legislature has no constitutional power to extend the jurisdiction of city courts beyond the city limits. *Covill* v. *Phy,* 26 Ill. 433; *People* v. *Evans,* 18 id. 361; *Holmes* v. *Fihlenburg,* 54 id. 203; *Joslyn* v. *Dickerson,* 71 id. 25.

A city court, from the nature and limits of its territorial jurisdiction, has no more power to summon a grand

jury from beyond the city limits than a circuit court would have to summon a grand jury from another county than the one in which it is sitting.

Mr. JUSTICE CRAIG delivered the opinion of the court:

On the 26th day of March, 1874, the legislature passed an act in relation to courts of record in cities. Section 1 of the act provides: "The several courts of record now existing in and for cities, and such as may hereafter be established by law, in and for any city in this State, shall severally be styled 'The City Court of (name of city,)' and shall have concurrent jurisdiction with the circuit courts within the city in which the same may be, in all civil cases, and in all criminal cases except treason and murder, and in appeals from justices of the peace in said city; and the course of proceedings and practice in such courts shall be the same as in the circuit courts, so far as may be." (Rev. Stat. p. 345.) Under this act a city court was established in East St. Louis, St. Clair county. The judge of the city court entered an order of record directing the board of supervisors of St. Clair county to select a grand jury for the August term, 1899, of said city court from the limits of the city of East St. Louis. The board of supervisors refused to select a grand jury within the limits of the city of East St. Louis, but made a selection under section 9 of chapter 78, in a proportionate number, as near as may be, from each town or precinct in St. Clair county. This grand jury was summoned and appeared on the first day of the August term of the court. The court discharged the jury because they were not selected from East St. Louis, and at once entered an order for a special venire to issue to the sheriff to summon twenty-three lawful persons to serve as grand jurors from the city of East St. Louis. The sheriff executed the writ as directed, and the persons appeared and were empaneled and sworn as the grand jury for the August term of the city court. The plaintiffs in error were tried and

convicted upon an indictment found and returned by this grand jury, and for the purpose of reversing the judgment they have sued out this writ of error, claiming that the grand jury was not a legal grand jury,—and this is the only question presented by the record.

It will be observed that the first section of the act providing for city courts confers upon such courts concurrent jurisdiction with the circuit courts within the city where the court is established, "in all civil cases and in all criminal cases except treason and murder, and in appeals from justices of the peace in said city;" and it is further provided that the proceedings and practice shall be the same as in the circuit courts, so far as may be. Section 2 provides that the court shall have a seal. Section 7 provides for a clerk. Section 8 provides that the sheriff and State's attorney of the county in which the city may be situate shall perform the same duties and have like powers, and be entitled to the same fees, in the city court as in the circuit court of the county. Section 9 provides for the appointment of a master in chancery, who shall have like powers and perform the same duties as other masters in chancery.

From these various provisions it is manifest that the intention in establishing city courts was to place them, so far as practicable, on a par with the circuit courts of the State, with a like jurisdiction within the city except in murder and treason. It is also clear that the intention was that these courts should have both petit and grand jurors, because a jurisdiction was conferred which could only be exercised by the aid of such juries. A person charged with a felony could not be tried unless indicted by a grand jury, nor could the court proceed to a trial without a petit jury. Moreover, at the last session of the legislature an act was passed providing that the fees of the grand and petit jurors for such courts, including the fees for summoning the same, should be paid out of the county treasury of the county wherein such court is

established. (Laws of 1897, p. 198.) It cannot, therefore, be presumed that the legislature would have conferred the jurisdiction on city courts which was conferred, without at the same time making provision for juries, so that the jurisdiction of the court might be properly exercised.

As has been seen, the board of supervisors of St. Clair county selected a grand jury for the August term, 1899, of the city court from the different towns of the county, under section 9 of chapter 78 of the Revised Statutes, but the court discharged the jury so selected and ordered the sheriff to select twenty-three lawful persons to serve as grand jurors from the city of East St. Louis. If the action of the board of supervisors was authorized by the statute the court erred in discharging the jurors and had no power to order the jury which was summoned from the city of East St. Louis, and the jury, not having been selected according to law, had no authority to indict the plaintiffs in error.

Section 9, *supra*, declares: "If a grand jury shall be required by law or by the order of the judge for any term of court, it shall be the duty of the county board in each of the counties in this State wherein such court is directed to be holden, at least twenty days before the sitting of such court, to select twenty-three persons, possessing the qualifications as provided in section 2 of this act, and as near as may be a proportionate number from each town or precinct in their respective counties, to serve as grand jurors at such term." The section further provides that the clerk of the board shall certify the names of persons selected, to the clerk of the court, and the clerk of the court shall issue a summons for the persons, which shall be served by the sheriff of the county. The language here used does not mention circuit courts, the criminal court of Cook county or city courts, but it is broad enough to embrace any one or all of said courts. In any case, where a grand jury shall be required by law or by the order of a judge, regardless of whether the court

shall be a circuit court or a city court, it is made the duty of the board of supervisors to act, unless the language used is to be given a different meaning from what the words used would naturally indicate. If a city court is to be excluded from the operation of the statute because it is not specifically mentioned, for the same reason the circuit court would be excluded because it is not mentioned. The courts, as the legislature knew, were both courts of record. They were both clothed with the same jurisdiction, except as to murder and treason. They were both courts where a grand jury was required in order to a proper exercise of the jurisdiction conferred upon them. Why, then, should a grand jury be provided for one and not for the other? In the enactment of section 9, had it been intended that a grand jury should be provided for a circuit court only, the legislature would no doubt have said so; or if it had been intended that a grand jury should be selected from the city or from a part of the county only, the legislature would no doubt have so declared in plain terms.

Section 2 of the act relating to the selection of petit jurors has a bearing on the question. There, as in section 9, the jurors are required to be selected from residents of each town or precinct in the county. The qualifications of jurors to be selected under both sections are the same. The general language used in the section includes petit jurors for city courts as well as circuit courts. This was seen and recognized by the legislature, as is apparent from a proviso which was added to the section, as follows: "*Provided,* that the persons selected to serve as jurors in courts of record having jurisdiction only in and for cities, shall be selected from four of the most convenient towns to said court, to be designated by the judge of such court." If the legislature had intended to limit the selection to be made by the board to the territory of the city, it is only reasonable to believe that a proviso would have been added to section 9 as was done to section 2.

That, however, was not done, but section 9 was left authorizing the board, where a grand jury was required by law or the order of the judge for any term of court, to select jurors for such court or courts,—language broad enough to include city courts as well as circuit courts.

The act concerning jurors was originally passed in 1872, (Laws of 1872, p. 516,) and it is said that the act as passed had no application to city courts existing by virtue of special acts; that the object of the act was not to provide city courts with juries, because they were already provided with juries by special acts. Upon examination the act of 1872 as originally passed is found to be very different from chapter 78 as it now exists. Section 2 of the former act provided for the selection of jurors for the circuit and county courts in each county and for the superior and criminal courts of Cook county, while section 2 as it now exists provides for the selection of jurors for each trial term of the circuit and *other courts of record* and for the superior and criminal courts of Cook county. Section 9 as originally passed was as follows: "If a grand jury shall be required by law or by the order of the judge for such term the clerk shall also in like manner draw the names of twenty-three persons to constitute the grand jury for such term." Section 9 as it now exists is set out above, and a comparison of the two will show a marked difference between them. The statute providing for city courts was passed, as heretofore seen, in 1874, and from that time to the present the act of 1872, concerning jurors, has been changed from time to time, so that our present statute is so different from the act of 1872 that the act of 1872 as originally passed can have but little bearing on the question. The real question is not what the law of 1872 was, but what the law as it existed in 1899, when this grand jury was selected, was.

It is also claimed, as we understand the argument, if section 9 confers authority on the board of supervisors to select grand jurors for city courts from the county, the

section would, in effect, extend the jurisdiction of the city courts beyond the territorial limits of the city, and hence would be unconstitutional and void. It may be conceded that under section 1 of article 6 of the constitution the legislature cannot extend the jurisdiction of a city court beyond the limits of the city where it is located. (*People* v. *Evans,* 18 Ill. 361; *Holmes* v. *Fihlenburg,* 54 id. 203.) In the first case mentioned it was held that under section 1 of article 5 of the constitution of 1848, which is substantially like section 1 of article 6 of our present constitution, the legislature could not extend the jurisdiction of a city court into territory beyond the limits of the city; and in the other case it was held that the legislature had no power to authorize a city court to issue its summons beyond the city limits and acquire jurisdiction over a defendant served without the city. The law as declared in these cases is not controverted, but they have no application to the question involved. Section 9, in authorizing the board of supervisors to select a grand jury for the city court of East St. Louis, adds no territory to the jurisdiction of that court, nor does it have any bearing on the issuance and service of a summons beyond the city limits. A grand jury may be regarded as a part of the machinery necessary to be used in the criminal practice in the courts, but its selection is not a matter affecting the jurisdiction of the court. The power and mode of selection are extended by the legislature to the board of supervisors, and it must be selected in the manner provided by law, but its selection cannot add to or detract from the jurisdiction of the city court.

But it is said the city court cannot send its process beyond the city limits to be served on a juror. Why not? It may send a subpœna beyond the limits of the city to be served on a witness to compel him to appear and testify. If this may be done, why not send for a juror and require his attendance? The sheriff who attends upon the sessions of the court is authorized to serve proper papers in

any part of the county, and where a paper requiring the attendance of a juror is given him, we see no reason why he may not serve it beyond the limits of the city.

It is also said the proviso to section 2 of chapter 78 is unconstitutional. The proviso, as we understand it, relates to the selection of petit jurors, and as the selection of grand jurors, only, is involved here, it will not be necessary to consider that question until it arises in a proper case.

*Bell* v. *People*, 1 Scam. 397, has been cited as an authority by defendants in error. In that case the plaintiff in error was convicted of a certain offense in the municipal court of the city of Chicago, and the question arose whether an indictment found by a grand jury in that court was good which alleged that it was found by "the grand jury chosen, selected and sworn in and for the city of Chicago and county of Cook." The court held the indictment bad—that the grand jury should be selected from the city of Chicago. But in that case the act under which the court was established expressly provided "that the grand and petit jurors of said municipal court shall be selected from the qualified inhabitants of said city." The decision in that case cannot control here.

After a careful consideration of the record we are satisfied that the board of supervisors of St. Clair county was authorized to select a grand jury for the city court of East St. Louis under section 9 of chapter 78, and that the jury summoned under the order of the court from the city of East St. Louis was not a legal grand jury. The court therefore erred in overruling the motion to quash the indictment and also the motion in arrest of judgment.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*