## A. C. Spitznagle v. F. A. Cobleigh, et al.

1. CITY COURT—*jurisdiction of, in foreclosure proceedings.* The City Court has jurisdiction within the territorial limits of the city of its location to entertain proceedings to foreclose mortgages and may acquire jurisdiction of the parties to such proceedings in the same manner as Circuit Courts.

2. FORECLOSURE DECREE—*what does not affect validity of.* The fact that the mortgagor had, prior to a decree of foreclosure being entered against him, conveyed his title to the property foreclosed, does not affect the validity of the decree.

3. JURISDICTION—*when does not exist to set aside decree after term of entry.* A decree is under the control of the court during the term at which it is entered and may at such time be set aside, or subsequently upon motion made during said term and continued to a subsequent one, but after the lapse of the term of entry without motion to set aside, the decree is final and cannot be set aside by the court.

4. PLAINTIFF IN ERROR—*how status of, to maintain proceedings for review cannot be affected.* The right of a plaintiff in error to prosecute a writ of error cannot be successfully attacked by a mere *ex parte* statement contained in an unverified petition.

Foreclosure proceeding. Error to the City Court of Canton; the Hon. JOHN A. GRAY, Judge, presiding. Heard in this court at the May term, 1904. Affirmed. Opinion filed April 20, 1905.

CHIPERFIELD & CHIPERFIELD, for plaintiff in error.

LUCIEN GRAY, for defendants in error.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This writ of error is prosecuted to reverse a decree of the City Court of Canton, foreclosing a mortgage executed by

plaintiff in error and his wife, upon a certain lot of ground situated in the city of Canton, to secure the payment of a note to defendant in error. The bill was filed to the March term, 1901, of said court. Plaintiff in error, his wife, and Rumsey & Sikemeur Co., all of whom were non-residents of the State, were made parties defendant thereto. The only service of process had upon either of the said defendants was by publication, under section 12 of the Chancery Code. A decree of foreclosure and sale was entered at said March term. At the June term following, the master in chancery reported that pursuant to said decree, he had sold the premises in question to one Plattenburg. The sale was thereupon confirmed by the court and a certificate of purchase issued to the purchaser. At the November term, 1901, of said court, defendant in error filed a petition to vacate said decree of foreclosure and sale, alleging that plaintiff in error had, prior to the entry thereof, been adjudged a bankrupt, that one Perkins had been appointed trustee of his estate, and as such trustee had sold the equity of redemption in the mortgaged premises to one Heylin, and that neither said Perkins nor Heylin were made parties to said proceedings, by reason of which the same were void. The City Court thereupon entered a decree finding that the original decree and the sale thereunder were void, and ordering that the same be set aside and annulled; that the certificate of purchase be surrendered by Plattenburg and cancelled; that the complainant have leave to withdraw his note and mortgage and that the suit be dismissed without prejudice.

Plaintiff in error contends that the court had no power to set aside the proceedings at a subsequent term, and that the decree of foreclosure is still in force notwithstanding. He insists, however, that it should be reversed for the reason that the court had no jurisdiction of the person of plaintiff in error; that, being a court of limited territorial jurisdiction, co-extensive only with the corporate limits of the city of Canton, it had no power to send its original process for service beyond the corporate limits of said city;

that it did not by reason of the attempted service by publication, acquire jurisdiction for any purpose of the person of plaintiff in error; and that each and every step taken in said cause was therefore absolutely void.

Such contention is, we think, without force. The statute provides that city courts shall have concurrent jurisdiction with circuit courts within the city in which the same may be, in all civil cases arising in said city, and that the procedure and practice therein shall be the same as in the Circuit Court, as far as may be. 1 S. & C. Ann. Stat., 1200. It follows that the City Court had jurisdiction to foreclose the mortgage in question, the real estate conveyed by it being situated within the limits of said city. Had the proceeding been one which sought to subject the defendants to the process of the court or to determine their personal rights or obligations—in other words, strictly *in personam*,—personal service upon such defendants within the territorial limits of the city would have been essential. But the proceeding in question, though in form a personal action, was substantially one against the real estate covered by the mortgage. Its sole object was to reach and dispose of the real estate by enforcing the lien of the mortgage. No personal decree for the amount due upon the mortgage indebtedness was sought by the bill to be established or enforced against the defendants. The only object of such substituted service, was to inform the parties interested in the property of the institution of the proceeding, and its nature and object. We regard the service by publication as amply sufficient for the purpose of the proceeding at bar, and the decree of foreclosure rendered therein. Nor can the validity of the decree be affected by the fact, if proven, that prior to its being entered, Spitznagle had parted with his title by reason of his having been adjudged a bankrupt and that his assignee or grantee was not made a party defendant to the foreclosure proceedings. The only effect of such omission was to leave the right of such grantee or assignee in equity, unaffected by the decree. The legal title to the premises passed, notwithstanding, to

the purchaser at the sale under the decree. Walker v. Warner, 179 Ill. 16; Alsup v. Stewart, 194 Ill. 595. The order of the City Court by which it was attempted to set aside the proceedings had at a prior term, is, therefore, null and void for want of jurisdiction in such court to enter the same. The decree was under the control of the court during the term at which it was entered, and might have been set aside or vacated during such term, or subsequently, upon motion made during the term, and continued to a subsequent term, but no steps to that end were taken. After the term had elapsed the court was wholly without power to change the decision, or set aside, vacate, modify or annul the decree. "No error of law of any kind will justify revising or annulling a decree at a subsequent term in a summary way on motion, but relief against it must be obtained by writ of error if the error is apparent on the face of the record, and if not, by bill of review, or bill to impeach the decree for fraud or other sufficient cause." Tosetti Brewing Co. v. Koehler, 200 Ill. 369.

The contention of defendant in error that Spitznagle, by reason of his alleged adjudication as a bankrupt, has no right to prosecute this writ of error, is not before us for determination, there being no proof in the record that he has been so adjudged. The *ex parte* statement to that effect cited in the unverified petition of defendant in error heretofore referred to, and which was filed at a term subsequent to that at which the decree of foreclosure was entered, is insufficient to establish the fact.

We are of opinion that the original decree of the City Court is valid and of full force, and it is therefore affirmed.

*Affirmed.*