[No. 5986.]

## WILLIAMS v. THE PEOPLE.

[No. 5987.]

## DAVOREN v. THE PEOPLE.

1. **Grand Jury—Power of Court to Convene—**The district court has inherent authority to call a grand jury, and is under no necessity to examine witnesses as to whether it shall exercise this power.—(185)

2.   Witness—Compelling to Testify—A district court has no authority to institute upon an unverified petition an investigation merely to determine whether a grand jury shall be summoned to inquire as to the alleged unlawful expenditure of money to influence an election, nor to call before it the chairmen of the political parties, and compel them to testify as to acts which they are supposed to have committed.—(185)

3.   Contempt—Witness who has contemptuously refused to give testimony in an investigation, the purpose of which is to determine whether a grand jury shall be called, is not, after this matter is determined and the grand jury has been summoned, to be punished, without first giving him opportunity to purge his contempt.—(186)

*Error to Denver District Court*—Hon. JOHN I. MULLINS, Judge.

Messrs. WARD & WARD, Mr. GERALD HUGHES, Mr. H. A. LINDSLEY, for plaintiff in error.

Mr. E. P. COSTIGAN, Mr. J. A. FOWLER, Mr. LUCIUS W. HOYT, for the people.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

In a matter pending in the district court entitled, *In re Grand Jury,* W. T. Davoren and F. A. Williams were called as witnesses and refused to be sworn, and for such conduct were adjudged guilty of, and fined for, contempt of court. From the separate sentences imposed, a separate writ of error was prosecuted, and the two writs have been consolidated and tried as one in this court, as the questions involved are the same in each. The alleged purpose of this matter or proceeding was two-fold: To enable the court to make up its mind about calling a grand jury, and temporarily to remove certain public officers from office. When Davoren and Williams, who were chairmen respectively of the central committees of the Democratic and Republican parties in Denver, were called, in response to an

inquiry of their counsel what was the object in calling them, the counsel for petitioner, in the presence of the court, said: "The purpose of this examination is to satisfy the judge of this criminal division as to whether it is advisable to call a grand jury, for the purpose, among other things, of investigating the expenditures of money by the political parties in the last campaign." The record is silent as to whether plaintiffs in error were subpœnæd. Assuming that they were, it is clear that they could not be forced to give such testimony as was sought to be elicited from them. In the first place, there is no necessity for a district court to take evidence to enlighten its conscience or to advise it as to the propriety of calling a grand jury. It has that inherent authority, and of its own discretion and volition may exercise it.—*People v. District Court,* 29 Colo. 83. Moreover, these witnesses were brought, not before a grand jury, or a magistrate upon a preliminary examination under a sworn complaint, but before the district court, sitting as such, in a public inquisition initiated by an unverified petition and conducted by the court itself, ostensibly to aid it in determining whether to call a grand jury, and it was sought to compel them to testify to their own supposed acts and the expenditures of moneys by them as chairmen of the political parties to which they belonged, which was to be one of the subjects to be submitted to a grand jury, if impaneled, for investigation by that body. No provision of our constitution or statutes, no decision of any court, nor statement of any law writer, has been called to our attention, and we have found none, which authorizes a district court, in such a matter or proceeding, to subpœna witnesses and compel them thus to testify.

Besides, after the district court had issued the

order calling a grand jury, and the matter or proceeding, whatever it may be denominated, was fully disposed of and at an end, the court called these witnesses before it, and, without asking them if they had aught to say why judgment should not be pronounced against them, or giving them opportunity to purge themselves of the alleged contempt, imposed the sentences which are here being reviewed. If the court had jurisdiction of the proceeding in the first instance, after it had decided the principal matter in hand and called the grand jury, it exceeded its power, as exercised, in thus pronouncing judgment of contempt. Certainly without some other or further proceeding or citation, the court could not thus inflict punishment.—*Clarke's Case,* 12 Cushing 320; *Ex Parte Rowe,* 7 Cal. 175. The judgment in each case is therefore reversed, and the cause remanded, with instructions to dismiss the proceeding against plaintiff in error and discharge him from custody.      *Reversed and remanded.*

CHIEF JUSTICE STEELE and Mr. JUSTICE MUSSER concur.