## Shell v. Commonwealth.

(Decided January 16, 1923.)

## Appeal from Harlan Circuit Court.

1. Intoxicating Liquors—Evidence.—It was reversible error on the part of the court to authorize a conviction if the jury believed the facts constituting his guilt "from the evidence;" they should have been required to believe such facts from the evidence "to the exclusion of a reasonable doubt."

2. Intoxicating Liquors—Search Warrant—Evidence.—Where the bill of exceptions does not show that any objections were made or exceptions taken to the evidence of a witness who testifies that he searched certain premises under authority of a search warrant, and further testifies as to the discoveries made by him, such evidence will be deemed competent even though it does not affirmatively appear that the search warrant itself or the affidavit upon which it is based was introduced in the lower court.

3. Intoxicating Liquors—Possession of Liquor—Submission to Jury. —Where a defendant is discovered at the home of another several miles from his own residence, and in the absence of the owner, and six gallons of whiskey are found in a pair of saddle pockets concealed beneath the cellar floor, the ownership of which is claimed by the defendant, this constitutes sufficient evidence to submit to the jury the question as to whether or not he had it in his possession for the purpose of sale.

J. B. MINIARD for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Reversing.

Appellant was convicted upon the charge of having intoxicating liquors in his possession for the purpose of sale, and his punishment fixed at a fine of $300.00 and confinement in the county jail for fifty days.

He seeks a reversal because: (1) The verdict was not supported by sufficient evidence. (2) Error of the court in refusing to peremptorily instruct the jury to find him not guilty. (3) Error of the court in instructing the jury.

The only witness introduced at the trial was the sheriff of Harlan county, J. H. Blair, who testified that he visited and searched the residence of Fulton Shell under the authority of a search warrant. That at the

time of the search Fulton Shell was not at home, but that the defendant, John Shell, who did not live in Harlan county but did live over the Pine Mountain in Leslie county, was then and there present sitting on the porch of Fulton Shell's residence. That he (the sheriff) found a small quantity of liquor in the kitchen and about six gallons more liquor in a pair of saddle pockets under the cellar floor. That he found no liquor in the possession of John Shell, but that said defendant told him the whiskey found was his and did not belong to his brother, Fulton Shell.

It does not appear that any objections were made or exceptions taken to any of this evidence, nor does it appear as to whether the sheriff produced or was asked to produce the search warrant referred to in the evidence.

At the close of the evidence defendant asked the court to peremptorily instruct the jury to find him not guilty, which request was refused and exception taken. Thereupon, the court on its own motion instructed the jury, "If they believe from the evidence that the defendant had in his possession within twelve months of the finding of the indictment, liquor for the purpose of sale they should find him guilty and fix his punishment at a fine of not less than $50.00 nor more than $300.00, and imprisonment in the county jail not less than thirty nor more than sixty days in their discretion. However, if they believed that the defendant had not been proven guilty they should find him not guilty," to the giving of which defendant excepted.

It is urged that the evidence of the sheriff is incompetent and should not have been admitted, because it was not affirmatively shown that he had a valid search warrant. However, no objection was made and no exception taken to this evidence and we must presume that it was issued in the regular way, at any rate the defendant cannot now raise the question. (Terrell v. Com., 196 Ky. 288; Dukes v. Com., 196 Ky. 60). Again, the defendant admitted the whiskey was his and it is not shown that he was anything but a trespasser himself, hence he is not in a position to complain. (Bowling v. Com., 193 Ky. 642).

The uncontradicted evidence of the sheriff was that he found six gallons of liquor under the floor of the cellar, and in the absence of the owner of the premises. That the defendant was present and claimed the ownership of it although he lived some miles distant and in

another county.    These crcumstances were sufficient evidence to take the case to the jury, and we cannot say that their verdict, that he had whiskey in his possession for the purpose of sale, was flagrantly against the evidence.   But it will be observed that in the instructions the court required the jury only to "believe from the evidence" the facts constituting defendant's alleged guilt, whereas it is elementary that they should be required to believe such facts from the evidence, "to the exclusion of a reasonable doubt."

For this obvious error the judgment is reversed and the cause remanded for proceedings consistent with this opinion.