## ·Hodges v. Commonwealth.

(Decided April 17, 1923.)

### Appeal from Simpson Circuit Court.

1. Criminal Law—Former Trial on Insufficient Indictment is Not "Jeopardy."—A former trial upon an indictment which was insufficient to charge a public offense is not jeopardy, and therefore a subsequent prosecution on a sufficient indictment is not barred where the first indictment was held bad after one conviction of defendant has been reversed on appeal.

2. Criminal Law—Former Conviction in Federal Court Does not Bar State Prosecution for Same Act.—A conviction in the federal court under the federal laws does not bar a subsequent prosecution in the state court under the state prohibition laws upon the same facts.

3. Criminal Law—Evidence as to Search is Incompetent Unless Prosecution Produces Warrant.—Before the Commonwealth can introduce evidence obtained by a search of defendant's premises by an officer, it must exhibit a search warrant under which the search was made, or if it was lost prove its contents, so that it was error

to admit evidence of a sheriff as to a search made by him in company with federal officers whom he understood had a search warrant without proof of the search warrant.

MOORE & MOORE and JOHN S. MILLIKEN for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON— Reversing.

Appellant Hodges was indicted in the Simpson circuit court for the offense of having intoxicating liquors in possession for the purpose of sale. He was twice tried and found guilty. The first judgment was set aside and new trial granted. After the jury was selected and sworn for the second trial appellant Hodges entered a general demurrer to the indictment and it was sustained by the court. The case was then re-referred to the grand jury and a new indictment returned charging the same offense. When put upon trial under the new indictment appellant Hodges pleaded former jeopardy in writing, setting forth the selection and swearing of the jury under the first indictment as creating jeopardy. He filed a second plea of jeopardy setting forth he had been tried in federal court for the same offense and found guilty. To each of these pleas the Commonwealth interposed a general demurrer, which the court sustained. Appellant complains of the ruling of the court on the demurrers as error.

With respect to the first plea of jeopardy it will be sufficient to say that as the indictment did not state facts sufficient to constitute a public offense, appellant, Hodges, was not in jeopardy when the jury was selected and sworn. We have repeatedly held that one is not legally in jeopardy when he is put upon trial before a court unless the court be one of competent jurisdiction and the indictment sufficient in form and substance to sustain a conviction. If it be made to appear during the trial that either of these facts does not exist and the jury is discharged, the accused cannot thereafter plead that trial and acquittal as a bar to further proceedings. Keith v. Commonwealth, 197 Ky. 362; Williams v. Com., 78 Ky. 93; Gaskins v. Com., 97 Ky. 494; Bowman v. Com., 146 Ky. 486; Com. v. Browning, 146 Ky. 770.

As there was no sufficient indictment, appellant was not in jeopardy by the selection and swearing of the jury as aforesaid.

Nor was appellant Hodges put in jeopardy, within the meaning of our constitutional provision on the subject, by or on account of the trial had in the United States district court upon the same facts. We have held in two recent cases—Hall v. Com., 197 Ky. 179, and Little v. Com., 197 Ky. 320—that an offender against the prohibition laws who has been convicted in the federal court may also be tried and convicted in the state court upon the same facts. The court did not err in sustaining the demurrer to the two said written pleas of jeopardy.

The only evidence offered by the Commonwealth against appellant Hodges upon the trial below was given by the sheriff and his deputy. This evidence appellant insists was incompetent because it was obtained in an unlawful manner, for which reason he says it should have been excluded. The sheriff and his deputy assisted a United States revenue officer in making a search of appellant's property. The revenue officer claimed to have a search warrant directing him to search the premises of appellant. Whether he did have such warrant neither the sheriff nor his deputy knew; they saw no search warrant. At the trial the Commonwealth did not produce the search warrant although appellant through his counsel demanded it, and upon the failure of the Commonwealth to produce the search warrant moved the court to exclude all the evidence given by the sheriff and his deputy. This motion the court erroneously overruled. It was the duty of the Commonwealth in offering the evidence of the sheriff and his deputy, which was obtained, as claimed by the Commonwealth, under and by reason of the said search warrant, to produce it upon the trial, especially when called for by appellant. No part of the evidence given by the sheriff and his deputy was competent against appellant, in the absence of the search warrant; and when appellant moved to exclude the said evidence the court should have sustained the motion. The burden was on the Commonwealth to exhibit the search warrant, or if it was lost to prove its contents. Terrell v. Com., 196 Ky. 288; Adams v. Com., 197 Ky. 235; Shell v. Com., 197 Ky. 264.

With this evidence excluded from the consideration of the jury there was no evidence whatever to sustain the verdict.

Judgment reversed for new trial.