## Canton Homestead & Loan Association, Appellant, v. Lizzie Simms and Oscar Simms, Appellees.

### Gen. No. 7,971.

1. COURTS—*jurisdiction of city court confined to municipal limits.* In view of Const. art. 6, § 1, the jurisdiction of a city court is limited to the confines of the city in which it is established.

2. COURTS—*when service of city court process without municipal limits not equivalent to substituted service.* A city court, whose process was served without the territorial limits of the city in and for which the court was established, does not acquire jurisdiction of the parties so served on the theory that the action was *in rem* and the service substituted service, where it appears that neither of the defendants comes within the classifications provided for substituted service or constructive notice.

3. DISCONTINUANCE, DISMISSAL AND NONSUIT—*when procurance of order of dismissal by plaintiff following dismissal of his appeal not involuntary nonsuit.* Where, in dismissing an appeal on the ground that the record did not show a final, appealable order, the court ordered "that the joint and several plea of the defendants be sustained and the motion of the complainant to deny same be overruled," but did not dismiss the bill, the action of the appellant, on remand of the cause, in procuring an order of dismissal to be entered, was merely a step to lay foundation for an appeal, and did not amount to a voluntary nonsuit.

Appeal by plaintiff from the City Court of Canton; the Hon. FRED H. SNYDER, Judge, presiding. Heard in this court at the April term, 1926. Affirmed. Opinion filed July 1, 1926.

JESSE HEYLIN, for appellant.

BURNETT M. CHIPERFIELD, CLAUDE E. CHIPERFIELD
and ROBERT B. CHIPERFIELD, for appellees.

MR. JUSTICE SHURTLEFF delivered the opinion of the
court.

The only substantial question on this appeal is
whether the city court of Canton can obtain jurisdic-
tion over the persons of appellees, residents of Illinois
in another county, by sending its process outside of
the city of Canton in a foreclosure suit to the county
in which appellees reside, where the lands mortgaged
are situated within the city.

Appellees filed special pleas, questioning the juris-
diction of the court, which were sustained, the bill
dismissed and appellant has brought the record to
this court by appeal.

In *Ladies of Maccabees v. Harrington,* 227 Ill. 517,
the court held: "It has often been held by this court
that the territorial limits of the jurisdiction of a city
court for service of original process is confined to the
city limits wherein such court is located. *(People v.
Evans,* 18 Ill. 361; *People v. Barr,* 22 Ill. 241; *Covill
v. Phy,* 26 Ill. 432; *Holmes v. Fihlenburg,* 54 Ill. 203;
*Gardner v. Witbord,* 59 Ill. 145; *Dixon v. Dixon,* 61
Ill. 324; *Joslyn v. Dickerson,* 71 Ill. 25; *Reid v. Mor-
ton,* 119 Ill. 118; *Miller v. People,* 183 Ill. 423.) In
*People v. Evans, supra,* this court held that an act
of the legislature creating the recorder's court of the
cities of La Salle and Peru was unconstitutional be-
cause the act purported to extend the jurisdiction of
the court to the two towns named."

In *Miller v. People,* 230 Ill. 65, the court, having
under consideration certain sections of the enabling
act establishing the municipal court of Chicago, after
reviewing a line of decisions pertaining to the powers
of similar courts, held: "The doctrine that the juris

diction of a city court for service of original process is confined to the city limits wherein the court is located, and that the General Assembly has no power to pass a law extending such jurisdiction beyond the city, was reaffirmed in the case of *Ladies of Maccabees v. Harrington*, 227 Ill. 511, which arose under the present constitution. In these cases the courts were called courts of common pleas, city courts, or a recorder's court; but they were all municipal courts under various names, and were the same kind of courts as the municipal court of Chicago. It must be held that the General Assembly in proposing and the people in adopting, the amendment, had in view the construction uniformly given by this court as to territorial limits of the city or municipal courts."

Again, in *Wilcox v. Conklin*, 255 Ill. 607, the court having before it a case where the municipal court of Chicago had issued original process for a defendant residing in the State, outside the limits of the city, impleaded with a defendant residing within the city, held the process void. It was held that the Chicago Charter Act of December 5, 1904, known as section 34 of article 4 of the Constitution, conferred no power or authority on the General Assembly to create municipal courts in the city of Chicago, but that the authority to create such courts is conferred by section 1 of article 6 of the Constitution, citing *Miller v. People, supra; People v. Olson*, 245 Ill. 288; *People v. Cosmopolitan Fire Ins. Co.*, 246 Ill. 442.

Section 1 of article 6 of the Constitution provides: "The judicial powers, except as in this article is otherwise provided, shall be vested in one supreme court, circuit courts, county courts, justices of the peace, police magistrates, and such courts as may be created by law in and for cities and incorporated towns."

It follows that the courts created by law have only such powers and jurisdiction expressly given them by statute, and their jurisdiction is limited to the con-

fines of the municipality. In the case at bar we must hold that the original process issued by the city court of Canton to Sangamon county was void. It is argued, however, that the service of process in this case in Sangamon county constituted substituted or constructive service, the action being *in rem* and the court having jurisdiction of the subject matter. It is sufficient answer to that contention to point out that neither of the defendants in the suit at bar comes under the classifications provided for substituted service or constructive notice. In that respect, this case differs from *Spitznagle v. Cobleigh,* 120 Ill. App. 191, decided by this court.

This case has been before this court at a former term and the appeal was dismissed on the ground that the record did not show a final, appealable order. There was an order in the record decreeing "that the joint and several plea of the defendants be sustained and the motion of complainant to deny same be overruled," but the bill was not dismissed. On the remand of the cause there was an order entered dismissing the bill of complaint and for costs against complainant, upon appellant's motion. Counsel for appellees strenuously insist that this amounted to a voluntary nonsuit upon appellant's part, upon which error cannot be assigned. This action by appellant did not constitute a voluntary nonsuit. The finding of the court in the first record in effect amounted to a dismissal of appellant's bill involuntarily, and the entry of the final order, dismissing the bill, was a mere technical necessity upon which to base an appeal. There is no merit in the contention.

The decree of the city court of Canton is affirmed.

*Affirmed.*