BEACH   v.   LADY, Warden.

Court of Appeals of Kentucky.

Dec. 11, 1953.

Dissenting Opinion Dec. 18, 1953.

A. E. Funk, Funk, Chancellor & Marshall, Frankfort, for appellant.

J. D. Buckman, Jr., Atty. Gen., W. Owen Keller, Asst. Atty. Gen., for appellee.

SIMS, Chief Justice.

This appeal is from a judgment dismissing the petition for writ of habeas corpus filed by Claude Beach, a prisoner in the reformatory at LaGrange, against the warden thereof. The petition avers Beach was convicted of murder in the Harlan Circuit Court and given a life sentence, Beach v. Com., Ky., 246 S.W.2d 587, on an indictment which was not returned during a term of court, regular or special, and that the indictment was void.

The petition is rather long and we will not attempt to set it out, but it will suffice to say it avers the date the indictment was returned, the statute fixing the April term of the Harlan Circuit Court, as well as the statute covering the calling of a special term of court. Filed with the petition as exhibits were duly authenticated copies of the order calling "a special session of the grand jury," and filing the indictment, and the indictment itself, with the endorsement thereon showing it was returned in "open court." The warden, through the attorney general, filed a response and motion to dismiss, which after admitting the fact of Beach's conviction and imprisonment, denied generally the other averments of the petition. Without favoring us with his reason for so doing, the trial judge entered an order, "that the response is sufficient and is hereby sustained," and dismissed the petition.

It is the contention of appellant that as there was no term of the Harlan Circuit Court in session when the special grand jury was convened, the judge had no authority to convene the grand jury, and in fact was prohibited from so doing. Therefore, the indictment returned by that body was void and appellant was denied due process of law in violation of § 1 of the 14th Amendment to the Federal Constitution, and in violation of § 12 of the Kentucky Constitution.

The Commonwealth admits the Harlan Circuit Court was not in session when the indictment was returned, but argues the indictment was not void but only irregular and as appellant did not complain of the irregularity in the impaneling of the grand jury on his trial, he is estopped now from doing so. It is further insisted by the Commonwealth that habeas corpus is not appellant's remedy, but if any he has, it is coram nobis.

Under KRS 23.050(26) circuit court convenes in Harlan County on the first Monday in April and continues for eighteen juridical days. In 1951, the first Monday in April fell on April 2, and eighteen juridical days would end the term on Saturday, April 21. There is no order in the record showing the term was extended or that any special term had been called for April 25, the day the judge entered the order for the grand jury to convene, or for April 28, the day the indictment was returned. It appears from the record the judge had information "that last night two separate killings took place on the streets of the City of Harlan * * *, (and) the Court is of the opinion that it is in the interest of the public that there be an immediate investigation by a special Grand Jury * * *. Therefore, it is now ordered by the Court that a special session of the Grand Jury of Harlan County convene in the Harlan Circuit Court on Saturday morning, April 28, 1951."

The order entered on April 28, 1951, recites: "Court met on Saturday morning, April 28, 1951, at 9:00 A.M., in special session, pursuant to the call of the court for a special session of the Grand Jury to convene." The order then recites: "Came the following persons into open court in answer to summons served upon them to serve as Grand Jurors of the special session of the Grand Jury to convene on today, (naming twelve persons, including the foreman appointed by the court)." The order then shows the five indictments returned "into open court" including the one against appellant. The copy of the indictment appearing in the record before us contains this endorsement: "A True Bill /s/ W. B. Hollin, Foreman of the Grand Jury. Presented by the Foreman, in the presence of the Grand Jury, to the Court and filed in

open court, this 28th day of April, 1951. /s/ W. M. Howard, Clerk of Harlan Circuit Court. Bail $25,000.00".

■ It is admitted by the Commonwealth there had been no extension of the April term under KRS 23.110, and that no special term had been called as provided by §§ 1 or 2 of KRS 23.110. Furthermore, the Commonwealth admitted there was no compliance with KRS 29.160 relative to the drawing of the grand jury, and the record before us is silent as to where the court got the names of those who served upon this so-called grand jury. As this indictment was returned when no court was in session it is void. Meredith v. Com., 201 Ky. 809, 258 S.W. 686; Thompson v. Com., 266 Ky. 529, 99 S.W.2d 705; Harrod v. Com., Ky., 253 S.W.2d 574.

■ It is argued by the Commonwealth this indictment was irregular, which made it bad under § 158 of the Criminal Code of Practice, but when appellant failed to move to set it aside as provided by that section he waived the error, citing Hopkins v. Com., 279 Ky. 370, 130 S.W.2d 764. The answer to this argument is that here the indictment was void, while in the Hopkins' case, as pointed out in that opinion, the indictment was irregular. Had the indictment before us been merely irregular instead of void, appellant would have waived the irregularities therein by not moving to set it side and the Hopkins and other cognate cases would apply. But recently we said in Harrod v. Com., Ky., 253 S.W.2d 574, 578, as the indictment was void, failure to move under § 158 would be immaterial, for there can be no waiver of a void indictment.

■ There are two answers to the Commonwealth's argument that appellant's remedy is by coram nobis and not by habeas corpus. First, the indictment is void (which of necessity makes the judgment void) and habeas corpus is available only for relief from a void judgment. Jones v. Com., 269 Ky. 772, 108 S.W.2d 812; Anderson v. Buchanan, 292 Ky. 810, 168 S.W.2d 48, 52. Secondly, for coram nobis to be available it is essential there be a

hidden mistake of fact which could not have been discovered in the exercise of due diligence by appellant in time to have been presented to the court which tried him. Here, appellant or his attorney knew, or by the exercise of due diligence could have known, that no court was in session when this indictment was returned, yet no motion to quash was filed. Therefore, appellant could not aver in a petition for coram nobis any hidden defects relative to the irregularity in impaneling this grand jury that due diligence on his part, or that of his attorney would not have revealed. Duff v. Com., 296 Ky. 689, 178 S.W.2d 191; Spears v. Com., Ky., 253 S.W.2d 570, 573.

■ It might not be amiss to here remark that as appellant was convicted upon a void indictment he has not been in jeopardy. Therefore, after his release from prison on this writ of habeas corpus, the Commonwealth is not barred from submitting the case to another grand jury and trying appellant again upon an indictment which is sufficient to sustain a conviction for the killing of Avery Hensley. Runyon v. Morrow, Judge, 192 Ky. 785, 234 S.W. 304, 19 A.L.R. 632; Hodges v. Com., 198 Ky. 652, 249 S.W. 774. Nor does it follow that Beach immediately should be discharged from prison. The warden should notify the prosecuting authorities of Harlan County that he will hold Beach for a reasonable time so as to give them an opportunity to proceed against Beach in due and proper manner. Robinson v. Kieren, 309 Ky. 171, 177, 216 S.W.2d 925, 928.

The judgment is reversed with directions to the circuit court to enter one in conformity with this opinion granting appellant the writ of habeas corpus he seeks.

GAMMACK, MOREMEN and MILLIKEN, JJ., dissent.

MILLIKEN, Judge (dissenting).

I disagree with the majority because I do not think the indictment was void. If it

were defective at all, it was merely voidable and that question should have been raised before trial, not afterward. I think it is within the inherent power of a circuit judge, charged with the enforcement of the Criminal Law, to impanel a grand jury at any time he, in good faith, believes the situation justifies.

Our Constitution divides our government into its three branches, the legislative, executive and judicial, and provides that "each of them [shall] be confined to a separate body of magistracy". Ky.Constitution, § 27. And it further provides that neither of these departments of government "shall exercise any power properly belonging to either of the others, except in the instances hereinafter expressly directed or permitted." Ky.Constitution, § 28. The courts of this state are all created by the Constitution, § 135, and the circuit courts are the courts of general trial jurisdiction, § 126. Even the essential structure of our grand juries is recognized in the Constitution, § 248.

The grand jury is an institutional heritage which came over in the Mayflower. It goes back to Magna Carta (1215) and reached the essentials of its present form as early as the year 1300. See Busch, Law and Tactics in Jury Trials, Sections 11 and 15, citing ancient authorities. The grand jury is a part of our judicial system— a part of the separate powers of the judiciary, and it is interesting to notice that our General Assembly, through its statutory enactments (Chapters 23 and 29) merely says when and how grand juries must be called, and makes no attempt to limit when they may be called.

Within the twilight zone between the legislative and judicial branches of the government, the Legislature, in keeping with the powers implicitly and expressly delegated to it in the Constitution, §§ 125 through 138, has enacted legislation covering the jurisdiction of circuit courts, appeals from circuit courts, terms of such courts, compensation for circuit judges, creation of court districts, provisions for special judges and the appointment of additional judges, and the qualification and selection of juries and grand juries. All of this legislation is designed to standardize practices and to organize and facilitate the functioning of the judicial system. For us to ascribe an intention to the Legislature to cross over into the historic judicial field, to fetter the courts so they cannot function in an emergency in their historic judicial field, impliedly raises the question of the constitutionality of such legislation. If we construe legislation which says when and how grand juries *must* be called to mean that they *may* be called at *no* other time, we step out of that twilight zone between the branches of government and penetrate to the very heart of the inherent and historic power of the court and of the judge as a conservator of the peace. KRS 23.010. The danger of a pocket grand jury as a sort of secret weapon of the court is more than outweighed by the danger of denying to the court the power to act quickly and effectively in the detection, prevention and punishment of crime. If a tyrant should appear in judicial robes, this court has the power to stop him. Section 110 of the Constitution.

It has been held in the case of United States Courts that no power exists in the court to call a grand jury into session apart from statute. This is easily explained, for under Article III of the United States Constitution, "The judicial Power of the United States, shall be vested in one supreme Court, and in such inferior Courts as the Congress may from time to time ordain and establish." Thus, all except the Supreme Court in the Federal system are creatures of Congress. But in Kentucky, all of our courts are creatures of the Constitution, § 135, and it is said in 38 C.J.S., Grand Juries, § 2, p. 984:

"In the United States, while effect is accorded constitutional and statutory provisions relating to the convening of grand juries by courts, courts invested with jurisdiction of criminal offenses, which can be prosecuted only on indictment or presentment of a grand jury, possess the power of summoning and impaneling grand juries apart from

any express statutory authorization, the power being inferred as necessary and incidental to the discharge of the duty enjoined on the court in connection with the prosecution of offenses."

See, also, Williams v. People, 46 Colo. 183, 103 P.2d 298; Miller v. People, 183 Ill. 423, 56 N.E. 60.

For the reasons mentioned, I am of the opinion that the judge of a circuit court charged with criminal jurisdiction has the inherent power to call a grand jury at any time he thinks, in good faith, that the situation requires him to do it regardless of whether there is a current term of court.