**BOARD OF EDUCATION OF JEFFER-SON COUNTY, Kentucky, Petitioner,**

v.

**S. Rush NICHOLSON, Judge, Jefferson Circuit Court, etc., Respondent.**

Supreme Court of Kentucky.

Nov. 12, 1976.

E. Preston Young, Louisville, for petitioner.

David L. Armstrong, Commonwealth's Atty., Henry A. Triplett, Louisville, for respondent.

PER CURIAM.

The Commonwealth's Attorney for the Thirtieth Judicial District of Kentucky filed a motion with the Honorable S. Rush Nicholson, one of the judges of the Jefferson Circuit Court, Criminal Division, requesting that he empanel a special grand jury to consider " *  *  * matters of alleged financial irregularities in the operation of the Jefferson County School Board." On October 20, 1976, Judge Nicholson entered an order " *  *  * that a Special Grand Jury for November, 1976 will be impaneled, pursuant to KRS 29.205, to consider matters of alleged financial irregularities in the operation of the Jefferson County School Board." Petitioner seeks to prohibit Judge Nicholson from empaneling a special grand jury and from carrying out his order of October 20, 1976.

According to the affidavits filed herein, the regularly empaneled grand jury for the month of November, 1976, will not have the time to make a full and complete investigation into the financial operations of the Jefferson County Board of Education as well as carrying out its usual and ordinary

duties. It appears that such an investigation will be an undertaking of great proportions which may require the full and undivided attention of a grand jury for a prolonged period of time. The Commonwealth's Attorney has not alleged, and the record does not reflect, that any criminal activity has been carried on by the Board or by any of its members, representatives, or employees. The Commonwealth's Attorney has not alleged, and the record does not reflect, that any investigation of the financial affairs of the Board will disclose any criminal activity on the part of the Board, its members, representatives, or employees.

In *Schroering v. Kunzman*, Ky., 518 S.W.2d 338 (1975), this court pointed out that KRS 29.205 and KRS 29.245(2) regulate the empaneling and session of grand juries in Jefferson County. KRS 29.205, in dealing with empaneling a grand jury in Jefferson County, refers to "a grand jury." KRS 29.245(2), in dealing with sessions of the grand jury, says "the grand jury may remain in session."

■ The statutes neither specifically permit nor specifically prohibit multiple grand juries serving at the same time in the same county. This does not mean, however, that since the statutes do not specifically provide for more than one grand jury, two grand juries may never be utilized to serve in the same county simultaneously. It is within the inherent power of the courts to provide for an efficient and effective system of judicial administration, a part of which is to provide proper procedural methods including, but by no means limited to, the proper and prompt dispatch of the business of the grand jury.

The proper disposition of this case, however, requires an answer to two questions. Since the final disposition of this action and the opinion of this court will deal with the power of a circuit judge generally to empanel a grand jury in addition to the regularly empaneled one, we do not limit our discussion and opinion to a judge of the Jefferson Circuit Court, Criminal Division, but the opinion will be for the guidance of all circuit judges within this Commonwealth.

I. May more than one grand jury be empaneled in the same county to function simultaneously?

■ In *Beach v. Lady*, Ky., 262 S.W.2d 837 (1953), this court, in a four to three opinion, held that a circuit judge had no power to empanel a grand jury other than at a time when the court was in session. The dissenting opinion reasoned to the contrary. The dissent in *Beach* leads this court to the answer to our first query. Therein it is written:

"Our Constitution divides our government into its three branches, the legislative, executive and judicial, and provides that 'each of them (shall) be confined to a separate body of magistracy'. Ky.Constitution, § 27. And it further provides that neither of these departments of government 'shall exercise any power properly belonging to either of the others, except in the instances hereinafter expressly directed or permitted.' Ky.Constitution, § 28. The courts of this state are all created by the Constitution, § 135, and the circuit courts are the courts of general trial jurisdiction, § 126. Even the essential structure of our grand juries is recognized in the Constitution, § 248.

\* \* \* \* \* \*

Within the twilight zone between the legislative and judicial branches of the government, the Legislature, in keeping with the powers implicitly and expressly delegated to it in the Constitution, §§ 125 through 138, has enacted legislation covering the jurisdiction of circuit courts, appeals from circuit courts, terms of such courts, compensation for circuit judges, creation of court districts, provisions for special judges and the appointment of additional judges, and the qualification and selection of juries and grand juries. All of this legislation is designed to standardize practices and to organize and facilitate the functioning of the judicial system. For us to ascribe an intention to the Legislature to cross over into the

historic judicial field, to fetter the courts so they cannot function in an emergency in their historic judicial field, impliedly raises the question of the constitutionality of such legislation. If we construe legislation which says when and how grand juries *must* be called to mean that they *may* be called at *no* other time, we step out of that twilight zone between the branches of government and penetrate to the very heart of the inherent and historic power of the court and of the judge as a conservator of the peace. * * * "

We conclude that under proper conditions a circuit judge may, in addition to the regularly empaneled grand jury, empanel an additional grand jury to function concurrently.

II. Under what conditions may an additional grand jury be utilized?

The second issue necessitates a determination of the conditions which must exist before an additional grand jury may be empaneled.

In 38 Am.Jur.2d, Grand Jury, § 9, it is written:

" * * * when it is made to appear that a system of crime exists among public officers, that there are criminal conspiracies respecting public business, safety, or health, or that other criminal acts which affect these functions or are of a widespread nature exist, the judge may properly order an investigation. *It has been said, however, that a court has no power to set in motion a grand jury investigation unless it has reasonable cause to believe that such an investigation will disclose some criminal misconduct which is within its jurisdiction to punish. The court must have knowledge or definite information from trustworthy sources that criminal acts forming a system of criminal violations of the law have been committed, and at least one or more cognate offenses should exist on which to base a general investigation. No such inquiry may be set in motion on the chance or speculation that some crime*

*may be discovered. Charges of misconduct in office made in a district attorney's petition for the convening of a grand jury to investigate such charges are too vague, indefinite, and uncertain to warrant the granting of the petition where there is no allegation of the time when and the place where the alleged violations of the law were committed, or that any one violation was committed within the jurisdiction of the court.* But sufficient ground to warrant a grand jury investigation of the conduct of public officers is afforded by a petition which charges a conspiracy to cheat and defraud the state, to extort money and levy blackmail, and to engage in corrupt solicitation, misfeasance, and malfeasance in office, at a time within the statutory period of limitations and at places within the jurisdiction of the court, alleging overt acts as a part of the system of related crimes which it is necessary for the grand jury to investigate." (Emphasis added)

It is apparent from the record that no charge has been made that the Board of Education of Jefferson County, Kentucky, has violated any penal law, nor has any charge been made that any member of the Jefferson County Board of Education has committed a crime or violated any penal law of this Commonwealth. The only allegation that appears in the record relative to the need for an additional grand jury is that the Commonwealth's Attorney has learned that there are " * * * alleged financial irregularities in the operation of the Jefferson County School Board."

█ Although a motion and supporting affidavit requesting the empaneling of a special grand jury need not set forth in detail evidence on which the Commonwealth's Attorney may rely, there must be at least an allegation of conduct which would constitute reasonable cause to believe that a grand jury investigation will disclose criminal activity within the court's jurisdiction to punish. An allegation of "financial irregularities" is not a charge of criminal misconduct. *In re Investigation by Dauphin County Grand Jury*, 1938, 332 Pa. 289,

2 A.2d 783, 120 A.L.R. 414. In addition, the papers must make it apparent, as here, that the regular grand jury is, for reasons beyond its control, unable to adequately function. The material presented here will not justify the empaneling of a grand jury to serve in addition to the regular one.

Petitioner's petition for an order of prohibition is granted. The respondent is prohibited from empaneling the grand jury sought on the basis of the present showing.

Full Court sitting.

All concur, except JONES, J., who dissents in part in a separate opinion.

JONES, Justice (dissenting).

I concur with that portion of the majority opinion which states:

> "We conclude that under proper conditions a circuit judge may, in addition to the regularly empaneled grand jury, empanel an additional grand jury to function concurrently."

I feel that I must register my dissent to the result reached by the majority.

It is my view that the showing of the need for an additional grand jury by the Commonwealth's Attorney made it incumbent upon the circuit judge to empanel an additional grand jury. The record reveals that the average number of cases presented to the respective monthly grand juries of Jefferson County for 1976 have ranged from three hundred to four hundred and fifty presentments.

The majority's view that "alleged financial irregularities in the operation of the Jefferson County School Board" is insufficient to authorize the circuit judge to empanel an additional grand jury. The majority's position is that an allegation of "criminal conduct" are the magic words constituting the key that opens the door to an investigation. In my view, that premise is based on quicksand and subject to be mired forever in a quagmire of misunderstanding concerning the word, "irregularities."

I am persuaded that a complaint of alleged "financial irregularities" is a charge of criminal conduct. The New Century Dictionary defines irregularities as "not conformed or conforming to rules of justice or morality . . ." A distinguished American poet, more than a hundred years ago, expressed his views on the matter as follows:

> "Now that to steal by law is grown an art
> . . . And 'slightly *irregular*' dilutes
> the shame of what had once a somewhat
> blunter name."[1]

The Commonwealth's Attorney had complaints from citizens about the irregularities of the Jefferson County Board of Education. He had complaints from three elected state representatives. He had reports from newspaper articles concerning the "irregularities." Pray tell, what other information did he require? Certainly, he was not required to "show his hand." However, he had both the duty and the obligation to request the convening of an additional grand jury. Those who had complained were entitled to tell a grand jury the nature and the extent of their knowledge of the irregularities.

I am of the opinion that a judge of a circuit court charged with criminal jurisdiction has the inherent power to call a grand jury at any time he thinks, in good faith, that the situation requires him to do it. If the judge had the same information as did the Commonwealth's Attorney, he needed no motion nor affidavit in support of the motion to empanel an additional grand jury.

The circuit judge is required by rule of this court to charge the grand jury as follows:

> "The court shall swear the grand jurors and charge them to inquire into every offense for which any person has been held to answer and for which an indictment or information has not been filed, or other offenses which come to their attention or of which any of them have knowledge. The court shall further in-

---

1. Lowell, James Russell, *"Tempora Mutantur."*

struct the grand jurors concerning inspections and reports which are required of them by law." RCr 5.02.

Since time immemorial, this court has adhered to the principle that a writ of prohibition is an extraordinary remedy. Prohibition should be granted when the circuit judge acts without his jurisdiction or when he acts erroneously in his jurisdiction. In my view a judge should not be prohibited from fulfilling the duties required of him unless irreparable injury will result for which there is no adequate remedy. None of these conditions are present in this case.

In argument to this court, counsel for the Board of Education of Jefferson County stated that it "had nothing to hide" and that the board "welcomed an investigation." Those noble expressions belie the board's action to seek and secure a grant of prohibition.

In my view the granting of prohibition in this case is not conducive to the fair and efficient administration of justice. I would have denied prohibition. In my opinion the "proper conditions" existed for the circuit judge to empanel an additional grand jury.

For the reasons enumerated, I dissent.