Edward Joseph SPANSKI, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

Supreme Court of Kentucky.

Dec. 16, 1980.

Joseph S. Freeland, Paducah, for appellant.

Steven L. Beshear, Atty. Gen., Carl Miller, Asst. Atty. Gen., Frankfort, for appellee.

STEPHENS, Justice.

The appellant, Edward Joseph Spanski, appeals from a judgment of the McCracken Circuit Court convicting him of first degree robbery and sentencing him to twenty years imprisonment.

Three issues are presented on appeal: (1) Whether a chief circuit judge may, on his own initiative, summon a new grand jury; (2) whether a juror may serve on more than one case during a petit jury term, and, (3) whether appellant's identification was so tainted by pretrial procedures that it should have been suppressed. We have carefully considered appellant's arguments and find no merit therein.

The relevant facts are not in dispute. On November 12, 1978, two men robbed a drug-

store on the Lone Oak Road in McCracken County near Paducah. One of the men, a white man, holding a drawn knife, accosted the pharmacist and demanded all his "Valium 10." Another employee of the drugstore witnessed this episode. A third employee was told by the robber to empty the pharmacy cash register, which she did. The robber then went to the front of the store where he forced a fourth employee to empty the other cash register and where he took a $20 bill from the customer. The other robber, a black man, although apparently not directly participating in the robbery, left the store with the white man.

On January 19, 1979, Spanski was arrested on two traffic offenses and was placed in the McCracken County jail. He was photographed and his picture, along with those of six other men, was shown to four of the five eyewitnesses to the robbery. Two of the witnesses, both employees, identified Spanski as the robber. The two other witnesses were unable to do so. On February 1, 1979, a six-man lineup was held and the two persons who identified the photographs of Spanski were invited to view the lineup and identified Spanski as the robber.

In August of 1979, an indictment was returned against Spanski. Shortly thereafter, this indictment, along with numerous others, was dismissed because of an irregularity in the empaneling of the grand jury. The Chief Judge of the McCracken Circuit Court, sua sponte, entered an order convening another grand jury which reindicted Spanski. Appellant moved to dismiss the indictment on the ground that the second grand jury was illegally empaneled. This motion was denied.

Prior to the trial of the case, in November of 1979, appellant moved for a suppression of the identification evidence given by any persons who either had viewed the photographs or who had seen the lineup. Following a hearing, the trial judge denied the motion for suppression. At the outset of the voir dire examination, appellant objected to the qualifications of certain members of the panel because they had sat on a jury a few days ago during the same term of court. This objection, too, was overruled.

At trial, appellant offered testimony which attempted to establish an alibi, but four eyewitnesses positively identified him as being a man who robbed them. As stated, Spanski was found guilty and this appeal results.

We will first consider appellant's contention that the second indictment was invalid because the circuit judge allegedly had no authority to summon a new grand jury.

In calling a new grand jury, the chief judge cited KRS 29A.210 and determined that "the ends of justice or the needs of the county so require ...." Appellant claims that, under the statutes, a basis for convening another grand jury is found only if the Commonwealth attorney or County attorney certifies the need to the court. In the present situation, neither official had so asked. Appellant cites KRS 29A.210 and *Board of Education of Jefferson County v. Nicholson*, Ky., 551 S.W.2d 1 (1976) as authority. The statute is as follows:

> "(1) A regular grand jury shall be summoned upon the order of the chief circuit judge. The grand jury shall be convened at least once every four (4) months at such time as may be designated by the circuit court. *The court may require the grand jury to convene more often if the ends of justice or the needs of the county so require.* The court may require the grand jury to convene if the Commonwealth's or county attorney certifies to the court that there are defendants who have been bound over to the grand jury and that there is a need for the grand jury to consider the return of any indictments." (Emphasis added).

It is clear, under the plain wording of the statute, that the court may order the grand jury to convene "more often" under two circumstances: (1) If the Commonwealth attorney or the county attorney certifies to the court that there are additional defendants who would be bound over to the grand jury and, (2) if the ends of justice or the needs of the county so require. In this case, over 40 indictments were dismissed. The chief judge rightfully

determined that the "ends of justice" and "the needs of the county" required the empaneling of a new grand jury. Moreover, in *Nicholson, supra,* we ruled that a court, regardless of the terms of KRS 29A.210, could empanel simultaneous grand juries if proper conditions were shown. The inherent power of the judiciary to determine its own rules and its own procedures (any statute to the contrary notwithstanding) consistent with the separation of powers doctrine, was held by this court to authorize simultaneous grand juries *even though not authorized by the legislature.* We, therefore, conclude that under the provisions of KRS 29A.210 and under the inherent power of the judiciary, the chief judge had the authority to convene an additional grand jury.[1]

As his second argument on appeal, appellant claims that several prospective jurors who had sat on several cases in the same term were disqualified because of this previous service. He cites KRS 29A.080(2)(g): "(2) A prospective juror is disqualified to serve on a jury if he: ... (g) Has served on a jury within the past twelve (12) months." There is no merit to this argument. KRS 29A.080 is part of a statutory scheme to provide grand and petit jurors for a term of court. KRS 29A.010 *et seq.* The disqualification statute relates to the prospective jurors' ability to be on a *jury panel.* To hold otherwise would mean that a juror could only serve on *one* case per term and obviously this was not the intent of the legislation.[2]

Finally, appellant argues that the procedure of pretrial identification was unnecessarily suggestive and that all testimony of those persons who identified him should be excluded. The facts, however, do not support his contention. Following the suppression hearing, the circuit court ruled, and we agree, that the seven photographs (including that of appellant) were of sufficient likeness so as to constitute a fair and

proper identification. At the lineup, both witnesses readily identified appellant from the five other men present. Both the appellant and his attorney (who was present at the lineup with his client) signed a statement that the lineup procedure was fair and not objectionable. These facts clearly fail to show any taint or impropriety of the pretrial identification, and we therefore conclude that the trial court was correct in overruling the motion to suppress the identification.

There being no error, the judgment of the circuit court is affirmed.

All concur.

---

1. For an extensive discussion of the powers of the judiciary, see *Ex Parte Auditor of Public Accounts,* Ky., 609 S.W.2d 682 (1980).

2. The reader is also referred to KRS 29A.130 which implies that a juror's term of service is a minimum of *thirty* days and not, as appellant argues, for the duration of one case.