Case 43—INDICTMENT—June 12.

# Colliver v. Commonwealth.

APPEAL FROM MONTGOMERY CIRCUIT COURT.

FORMER JEOPARDY—INDICTMENT FOR FORGERY.—Under an indictment for forgery alleged to have been committed by signing the name of another to an order for $1.75, proof that the defendant merely wrote the figure "1" before the figures "75," so as to make the order read "1.75" instead of "75 cents," for which sum it was given by the person whose name was signed thereto, was competent, and was sufficient to authorize a conviction; and the indictment having been dismissed after the jury was sworn and a part of the proof heard, the Commonwealth had no right to try the defendant under a second indictment, alleging the actual facts as to the manner in which the

Colliver v. Commonwealth.

forgery was committed, as the same facts specifically alleged in the second indictment were competent to be proved under the first indictment; therefore, the defendant's plea of "twice in jeopardy" should have been sustained.

CORNELISON & McKEE FOR APPELLANT.

The discharge of the jury in a felony case, after the trial has begun, when there is no necessity therefor, constitutes a bar to another trial. (Bill of Rights, sec. 14; Cooley's Const. Limit., 5th ed., pp. 400, 402; O'Bryan v. Commonwealth, 9 Bush, 333; Williams v. Commonwealth, 78 Ky., 93; Hunt v. Commonwealth, 10 Ky. Law Rep., 352; Robinson v. Commonwealth, 10 Ky. Law Rep., 973; Triplett v. Commonwealth, 8 Ky. Law Rep., 69; Tye v. Commonwealth, 3 Ky. Law Rep., 59; Highlands v. Commonwealth, Penn. Sup. Ct., 1886; Dobbins v. State, 14 Ohio; Huley's Case, 6 Ohio; Mount v. State, 14 Ohio; Prague v. State, 3 Ohio; People v. Goodwin, 18 Johnson; 3 Wharton's American Law, sec. 3128; Bishop on Criminal Law, secs. 1013, 1014, 1026; Bailey v. Commonwealth, 11 Bush, 691; 2 Hawkins' P. C., 377; Proffatt on Jury Trials, secs. 477, 490; Wilson v. State, 24 Conn., 57; Yarbrough v. Commonwealth, 11 Ky. Law Rep., 352.)

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

This is an appeal by the appellant from judgment sentencing him to confinement in the penitentiary for the crime of forgery. The only ground relied on for reversal is, that the court refused to sustain the appellant's plea of twice in jeopardy for the same offense.

The instrument of writing said to have been forged by the appellant is as follows:

"MR. J. C. KING: Pay to bearer $1.75 cents till to-morrow evening, and oblige

"DAN. HALTERON."

The first indictment charged that the appellant forged and counterfeited the entire body of this instrument, as well as that of the signature thereto. To this indictment a plea of not guilty was entered, and a jury was selected and sworn to try the issue;

and the proof having been heard in part, the court, over the objections of the appellant, withdrew the case from the trial jury, and re-referred it to another grand jury, which found a new indictment, charging the appellant, in substance, with having committed the crime of forgery by writing the figure 1 just before the figures 75, so as to make the order read $1.75 cents instead of 75 cents, for which sum it was given.

The alleged alteration in the particular last mentioned was an actual occurrence. These two indictments set out substantially the same offense. The facts alleged in the second indictment and proven on the trial were competent evidence under the first indictment, and were sufficient to have sustained a verdict of guilty under said indictment. It was alleged in the first indictment that the whole order was forged, but it turned out that only a part of it was forged, to wit: the insertion of the figure 1, as representing one dollar, thereby making the order read $1.75 cents instead of 75 cents. This fact, under the allegation in the first indictment that the order was forged for the whole amount, could have been proven, and the proof of this fact would have authorized a verdict of guilty. Therefore, the appellant was twice put in jeopardy for the same offense, which is not allowable.

The judgment is reversed, with directions to grant a new trial and dismiss the indictment.