## Runyon, et al. v. Morrow, Judge.

(Decided November 18. 1921.)

## Petition for Writ of Prohibition.

Burglary—Carrying Stolen Property Into Another County—Venue.
—The crime of feloniuosly breaking an outhouse, belonging to
and used with a dwelling house, and feloniously taking property of
value therefrom, denounced by section 1162, Kentucky Statutes,
is a single offense, the jurisdiction to punish which is in the coun-
ty where the crime is committed, and if the culprit carries
property into another county, and is there arrested for larceny
for so doing, it does not oust the jurisdiction of the courts of the
county where the original offense was committed, to try him for
the crime of feloniously breaking the house and feloniously taking
articles therefrom.

L. W. BETHURUM and JAMES DENTON for plaintiffs.

WILLIAM WADDLE and B. L. WADDLE for defendant.

OPINION OF THE COURT BY CHIEF JUSTICE HURT—Dis-
missing.

The plaintiffs, M. T. Runyon and L. O. Wilson, who
have been indicted in the Pulaski circuit court, for a vio-
lation of section 1162, Ky. Stats., seek a writ to prohibit
the Hon. W. Boyd Morrow, who is judge of that court,
from proceeding to try them for the crime charged in the
indictment. The facts relating to the matter, as averred
in the petition, and the exhibits filed therewith, are that
they were arrested in Rockcastle county upon a warrant
charging them with the crime of grand larceny, committed
by stealing an automobile in the latter county. The
warrant was issued by the judge of the Rockcastle county
court. They were taken before the judge who issued the
warrant, and there waived an examining trial, and the
judge entered an order requiring them to appear before
the circuit court of Rockcastle county, at its next term, to
answer any indictment that might be found against them
upon the charge, and if convicted to render themselves
in execution of the judgment, and, also, by the same order
admitted them to bail, and they executed the necessary
bonds to assure compliance with the order. Thereafter
the grand jury of the Pulaski circuit court returned an
indictment against them in which they are accused of the
crime of feloniously breaking into a garage, which is
alleged to be an outhouse belonging to and used in con-

nection with a dwelling house of J. E. Moore, and feloniously taking away therefrom an automobile which was the property of Moore, with the intent to convert it to their own use, and to permanently deprive the owner of the ownership, use and possession of it.    This outhouse was alleged in the indictment to be situated in Pulaski county.    It is averred in the petition, and not denied that the felonious breaking into the outhouse, and the felonious taking and carrying away of the automobile therefrom, with which the indictment in the Pulaski circuit court accuses them, is the same circumstance and the same acts upon which the charge of grand larceny is made against them in the warrant issued by the judge of the Rockcastle county court, and by virtue of which they were arrested and held to answer before the Rockcastle circuit court.    The automobile which the indictment accuses them of feloniously taking away from the outhouse of Moore in Pulaski county, is the same as the one, for the stealing of which they are accused of grand larceny by the proceedings before the county judge of Rockcastle county, and the acts which constituted the felonious taking from the outhouse in the indictment are the same acts which constitute the larceny charged in the warrant.    At the time the warrant was issued against them accusing them of grand larceny in Rockcastle county, and at the time they were arrested and required by the judge of the Rockcastle county court to execute bond for their appearance to answer before the Rockcastle circuit court, no proceeding of any kind connected with the affair had been instituted against them in Pulaski county, and an indictment has not yet been returned against them in the Rockcastle circuit court, for any offense connected with the charge, which they were held to answer in that court.

The plaintiffs insist that the Pulaski circuit court is without jurisdiction to try the indictment, now pending in that court, because the crime charged in the indictment is the same as that charged in the warrant upon which they were arrested in Rockcastle county, and they having been arrested before any indictment for the crime was found in Pulaski county, that the jurisdiction to punish them for the crime was fixed in Rockcastle county.    In order to uphold the contention that the crime for which they were indicted is the same as that with which they were charged in the warrant, it is insisted that the Commonwealth, through its officers, elected to carve out of the acts which constituted the crime, the crime of larceny,

and to proceed against them therefor, and having elected to charge them with larceny, it cannot now proceed against them for any other crime, which the acts committed may constitute, because a conviction of larceny would be a bar to their conviction of any other crime, which it would be necessary to prove by the evidence of the same facts which proved the larceny. It is, also, insisted that, although they may have stolen the automobile in Pulaski county, when they carried it into Rockcastle county the courts of either county were clothed with jurisdiction of the crime, because having been first arrested in the latter county, at a time when no indictment was pending against them for the crime in Pulaski county, the jurisdiction of the crime became fixed in Rockcastle county, as provided by section 24 of the Criminal Code.

The two statutes which fix the jurisdiction to punish offenses, with some exceptions to the rule established by them, are section 1145, Ky. Stats., and section 24 of the Criminal Code. The former of these provides as follows:

"All offenses shall be tried in the courts or by the tribunals of that county or city having jurisdiction of them in which they are committed, except in cases otherwise provided for." The latter statute provides as follows:

"If the jurisdiction of an offense be in two or more counties, the defendant shall be tried in the county in which he is first arrested, unless an indictment for the offense be pending in another county."

It will be observed that an offense of which the courts in two or more counties has not jurisdiction, must, in every instance, be tried in the county in which it was committed. The offence of feloniously breaking into a house and feloniously taking property of value therefrom, as denounced by section 1162, Ky. Stats., although composed of the two elements of a felonious breaking and a felonious taking, is a single offense, and to constitute it both of these elements must be present, one is as necessary as the other, and without either the offense is not committed. For this reason it has been held that larceny is not a degree of the crime denounced by section 1164, Ky. Stats., and upon a trial of one indicted for the crime, it was not proper to so instruct the jury, that the defendant could be found guilty of a simple larceny. The crime denounced by section 1164, Ky. Stats., is so similar to the one described by section 1162, Ky. Stats., that no reason is apparent why the same construction should not be

placed upon it. Drake v. Com., 31 R. 1286; Farris v. Com., 90 Ky. 637; Thomas v. Com. 150 Ky. 374; Wallace v. Com., 162 Ky. 85. Feloniously breaking a house and feloniously taking property therefrom, must necessarily be done where the house is. The acts are local, and no exception of the jurisdiction of the offense from the rule stated in section 1145, Ky. Stats., has been made, and hence the county wherein it is committed, alone, has jurisdiction to try it. The proceeding against the defendants for a simple larceny is not the same offense for which they are indicted in the Pulaski circuit court. The accusation of larceny is simply one of the elements which go to make up the offense of feloniously breaking a house and feloniously taking therefrom property of value. One indicted for larceny cannot be convicted of the crime of feloniously breaking a house and feloniously taking property therefrom, nor can one indicted for the latter offense be convicted of the former. The punishment for feloniously breaking a house and feloniously taking property of value therefrom is imprisonment in the penitentiary from two to ten years, while the punishment for a grand larceny is from one to five years, and for petit larceny is from thirty days to twelve months in the county jail. The question presented here is, whether one who has been guilty of the crime of feloniously breaking into a house and feloniously taking property therefrom, can, by carrying the stolen property into another county, and there being proceeded against for a simple larceny and arrested for that offense, thereby destroys the power and the jurisdiction of the courts to punish him in the county where the actual offense was committed, and for the actual and greater offense. There is no doubt that a simple larceny is punishable in any county to which the thief may carry the stolen article, with a continuing felonious intent to make it the subject of larceny. Massie v. Com., 90 Ky. 485; Thomas v. Com., 12 R. 903. This is held upon the fiction of the law, that the legal possession of the property remains in the owner, and when the thief carries it into another county the continuance of the trespass amounts to a new taking and a new asportation, and hence a new felony, and he may be punished in that county for the felony committed in it, and to fix the jurisdiction so that but one punishment may be inflicted for the crime actually committed, the provisions of section 24, Criminal Code, may be invoked to prevent his punishment in the jurisdiction where the crime was originally

committed, and, also, in the new jurisdiction. Hence section 24 of the Criminal Code, when the thief is arrested and proceeded against for the offense which he commits in the county to which he carries the property, and is arrested for the offense, before an indictment is returned in the county where he committed the original offense, and for such offense the latter county is ousted of its jurisdiction to punish him for the original offense. So, if the contention of the plaintiffs is correct, this case has resulted in the following situation:   The jurisdiction for punishing plaintiffs for the element of larceny existing in the crime committed by them is fixed in Rockcastle county, and the punishment of them for the element of feloniously breaking the house remains in Pulaski county, and thus the Pulaski circuit court is ousted of its jurisdiction, because without the element of feloniously taking and carrying away property from the house, no offense is committed under the statute by the felonious breaking.   Drake v. Com. 31 R. 1286; Wallace v. Com. 162 Ky. 85.   Evidently no such contention is founded in merit.   No such situation could have been contemplated by the lawmakers.   Such a construction would be to permit and allow subordinate officers of the Commonwealth to unwittingly destroy the power to punish for crime without the concurrence or knowledge of the officers of the law, who are especially delegated by the laws for the purpose of conducting prosecutions.   Section 24 of the Criminal Code clearly indicates that two or more counties can not have jurisdiction of an offense, except that it be the same offense in each county, and the purpose of the statute was not to permit of the carving out of one element of an offense in one county and thereby to bar the prosecution for the offense actually committed in the county where committed.   Likewise the entire offense of feloniously breaking into a house and feloniously taking property of value therefrom which constitutes a single offense cannot be committed, except in one county, and for that reason the officials of another county could never assume jurisdiction of it, or acquire jurisdiction of it by prosecuting for one element of the offense, and as we have heretofore shown, technically, the offense of larceny committed in Rockcastle county is not the same offense as the larceny committed by feloniously taking property from the house which was broken in Pulaski county.

The question whether or not the Commonwealth, after it has carved out a crime from the acts committed, has

authority to charge the accused with a crime which includes all the elements necessary to make another crime, including the one with which it had already accused him, is not a question to be determined in advance of a conviction or acquittal of the crime first charged, or the accusation upon which the culprit is first tried.   It is elementary to say that a prosecution and conviction or acquittal of any part of a single crime bars any further prosecution for an offense made up of the whole or part of the same crime.   This question, however, can only arise upon a plea of former jeopardy, and a jeopardy does not exist, at least until a person is put upon trial, before a court of competent jurisdiction, upon indictment or information sufficient to sustain a conviction, and a jury has been empaneled and sworn, and charged with his deliverance. Williams v. Com., 78 Ky. 93; Turner v. Com., 19 R. 1161; Drake v. Com., 29 R. 981; Tolliver v. Com. 90 Ky. 262.

If the plaintiffs are ever brought to trial upon the larceny charge preferred against them in Rockcastle county, after the disposition of the indictment in Pulaski county, it will then be sufficient time to take into consideration the question of a former jeopardy.

The petition is therefore dismissed, and the temporary order of prohibition heretofore made is set aside.