**James M. IRBY, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 13610.**

United States Court of Appeals
District of Columbia Circuit.

Submitted May 8, 1957.

Decided June 13, 1957.

Petition for Rehearing In Banc Denied
Sept. 11, 1957.

James M. Irby, appellant, filed a brief pro se, and his case was treated as submitted thereon.

Mr. Alfred Burka, Asst. U. S. Atty., submitted on the brief for appellee. Messrs. Oliver Gasch, U. S. Atty., and Lewis Carroll and E. Tillman Stirling, Asst. U. S. Attys., were on the brief for appellee. Mr. Donald E. Bilger, Asst. U. S. Atty., also entered an appearance for appellee.

Before WILBUR K. MILLER, FAHY and BURGER, Circuit Judges.

**PER CURIAM.**

James M. Irby was indicted July 13, 1953, for murder in the first degree. Counsel was appointed for him July 20, 1953, and four days later he entered a plea of not guilty. October 8, 1953, still represented by the same appointed counsel, Irby withdraw his plea of not guilty and pleaded guilty to manslaughter. Thereupon the District Court sentenced him to imprisonment for a term of from 5 to 15 years. He has since been and is now serving the sentence. July 5, 1956, Irby filed a motion to vacate sentence under 28 U.S.C. § 2255, which the sentencing court promptly denied. This appeal is from the order of denial.

The appellant apparently argues that he could not lawfully be sentenced on a plea of guilty to manslaughter when he had been indicted for murder in the first degree. He says he was wrongfully deprived of a jury trial at which he could have proved that he acted in self defense; that his appointed counsel was ineffective and "railroaded" him to prison because counsel had swindled him in a civil suit. He invokes the Fifth Amendment to protect him from the consequences of his guilty plea.

If appellant was dissatisfied with his assigned counsel because of the old grudge to which he now refers, he had ample time between the two pleas to complain of the appointment; had he done so, no doubt a substitute would have been appointed. He accepted the aid of counsel who induced the Government to accept a plea under the included offense of manslaughter rather than first degree murder. We have considered all of appellant's arguments and conclude that his appeal is wholly lacking in merit.

Affirmed.

FAHY, Circuit Judge, concurs in the result.