**George William CURRY, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

May 21, 1965.

George William Curry, pro se.

Robert Matthews, Atty. Gen., Martin Glazer, Asst. Atty. Gen., Frankfort, for appellee.

DAVIS, Commissioner.

Appellant was sentenced to imprisonment for life upon his conviction in the Jefferson Circuit Court under the Habitual Criminal Act. KRS 431.190. He had been indicted for violation of KRS 433.180 (dwelling-housebreaking) and his prior felony convictions were included in the indictment under the Habitual Criminal Act.

The present appeal arises from the circuit court's order overruling appellant's motion to vacate that conviction. RCr 11.42. Appellant proceeds in forma pauperis.

In the RCr 11.42 motion appellant asserted a number of vaporous grounds upon which he deemed himself entitled to

relief; we need not advert to them. King v. Com., Ky., 387 S.W.2d 582.

However, it is our view that certain allegations of the RCr 11.42 motion were sufficiently specific and pertinent to require a hearing; the circuit court denied the motion without formal hearing, and for that reason we must reverse and remand for an appropriate hearing.

The appellant asserted in his motion to vacate that his court-appointed counsel "refused to appeal the case, or to make a motion for new trial." If this did occur, it may well be that appellant is entitled to some affirmative relief. Whether it occurred is not determinable from the face of the record, and may be ascertained only by a hearing.

Appellant alleged in his 11.42 motion that the jury returned into open court with a verdict fixing his punishment at confinement in the penitentiary for two years (the minimum sentence for dwelling-housebreaking) KRS 433.180. According to appellant, the trial judge then thanked and discharged the jury, and called appellant before the bench to be sentenced. Then the attorney for the prosecution interposed an objection to the court's sentencing appellant for just two years, and insisted that the jury be reassembled for further consideration. Whereupon, appellant was remanded to a holdover for safekeeping while one of the jurors was located and returned to the court room. According to appellant, an hour or more elapsed while the missing juror was relocated. Then it was, appellant alleges, that the reassembled jury was directed by the court to reconsider its verdict. It was after the reconsideration that the life sentence was imposed.

For the Commonwealth it is averred that nothing of the sort occurred. It is explained that the trial court supplied the jury with forms of verdicts under which the jury might have (1) found appellant not guilty, or (2) found him guilty of Count No. 1, Dwelling-Housebreaking, or (3) found him guilty under Instruction No. 2,

Habitual Criminal Act. When the jury returned its verdict the foreman had inadvertently filled in the verdict form relating to Dwelling-Housebreaking, but had filled in the blank space showing that the jury's verdict was for life imprisonment. Since the offense denounced by KRS 433.-180 has penalty limits from two to ten years, it was apparent that a clerical error had occurred; this was promptly called to the court's attention, says the Commonwealth, and before the jury was discharged or had left the courtroom, the error was called to the attention of the jury and the appropriate space for the verdict was completed.

The position of the prosecution is bolstered by an affidavit furnished by Honorable Thomas Jefferson Knight, who was the presiding judge at the original trial. Judge Knight refutes the factual assertions made by appellant as to the jury's having been discharged and later reassembled.

■ Under the circumstances presented we are impelled to the conclusion that appellant was entitled to a hearing on the 11.42 motion. It is clear that if his allegations as to the "refusal" of his court-appointed counsel to appeal or move for a new trial are true a serious question is presented whether he had effective and adequate representation. Moreover, if it should be demonstrated that the jury actually did render a verdict fixing punishment at less than imprisonment for life, and was then discharged, grave doubt would arise as to the legality of reassembling the jury for further deliberations.

■ Since these matters do have prima facie substance, it is requisite that a hearing be afforded to resolve them. Moreover, appellant has requested the trial court to appoint counsel to assist him on the 11.42 hearing. This should be done.

We are not to be understood as holding that either of the matters asserted, as they now stand, would ipso facto entitle appellant to have the conviction judgment vacated.

What we do hold is that the matters claimed have sufficient substance to require a hearing and judicial determination of them.

The judgment is reversed with directions to appoint counsel for appellant and afford a hearing on the two issues herein discussed.