Glenn **SHORT**, Appellant,

v.

**COMMONWEALTH** of Kentucky, Appellee.

Court of Appeals of Kentucky.

Oct. 22, 1965.

Glenn Short, pro se.
Robert Matthews, Atty. Gen., John B. Browning, Asst. Atty. Gen., for appellee.

HILL, Judge.

This is an appeal from an order denying relief after a hearing on appellant's motion to vacate a criminal judgment under RCr 11.42.

Appellant was found guilty of armed robbery September 1963. He did not appeal. He filed application for writ of habeas corpus which was denied on the ground he had an adequate remedy under RCr 11.42.

Insufficiency of the evidence and ineffective assistance of counsel are the grounds relied on in this motion. Hon. James B. Miniard was not court appointed but was chosen, employed by, and represented appellant on his trial in 1963.

The general contention of ineffective assistance of counsel is supported by three factual allegations in the motion to vacate, which are: (1) Counsel did not make the court aware of its duty to instruct the jury as to the necessity of corroboration of an accomplice, (2) counsel was prejudiced toward defendant because he would not plead guilty, and (3) counsel did not appeal from the conviction and life sentence as he had said he would do.

The contention counsel did not make the court aware of its duty to instruct on the necessity of corroboration of the evidence of an accomplice is unfounded in view of the record which shows the court gave such an instruction. The second claimed element of ineffective assistance of counsel based on claimed "prejudice toward defendant because he would not plead guilty" was a matter entirely between appellant and his employee, his counsel. If he was not satisfied with the conduct of his attorney, he could have discharged him and employed another if still able; or if unable, he had a right to ask the court to appoint another attorney. Not having done either he is in no position to complain at this late stage in his motion to vacate under RCr 11.42. The third and last element appellant says constitutes ineffective assistance of counsel was the promise of his counsel to appeal his conviction, and his failure to do so.

This Court held in Curry v. Commonwealth, Ky., 390 S.W.2d 891 (1965), that an allegation that court-appointed counsel refused to take an appeal requires a hearing under RCr 11.42. We do not apply the same rule to employed-counsel cases. It was noted in McIntosh v. Commonwealth, Ky., 368 S.W.2d 331, 336 (1963), that there is a difference between the right to counsel on appeal and the right to counsel in the early stages of criminal proceedings. In the McIntosh case the Court said:

"The right of counsel on appeal stands on a different footing, not only constitutionally but as a practical matter, from the right to counsel during earlier stages of a criminal proceeding. An appeal is not a prerequisite to the execution of a sentence, whereas the proceedings leading up to and including a judgment are. The right to a fair trial is primary and fundamental.

A right of review is secondary, and exists only as an added safeguard against denial of the primary right. The obligation of the state to see that the defendant receives a fair trial is absolute; to provide him an appellate review is optional. That due process compels the court affirmatively to advise a defendant of his right to counsel at the trial stage does not lead to a conclusion that he must also be thus advised at the appellate stage. 'Equal protection' gives to the indigent defendant a right to counsel and to a transcript of the record on appeal if he requests it. In the absence of such a request it does not, in our opinion, oblige the court either to initiate an inquiry or to extend an invitation to appeal.

"As the record shows no proof to sustain a finding that appellant was denied the right of counsel to assist him in prosecuting an appeal from the judgment entered on November 4, 1958, he is not entitled to relief in this proceeding."

The motion in the present case shows no complaint by appellant in the trial court of the conduct of his employed attorney or his failure to appeal. Nearly sixteen months passed between the time of his trial and the filing of this motion to vacate. Errors of judgment by employed counsel cannot be raised by RCr 11.42. See King v. Commonwealth, Ky., 387 S.W.2d 582 (1965).

Finally, the first ground argued relative to the introduction of incompetent evidence must be resolved adversely to appellant on the authority of Tipton v. Commonwealth, Ky., 376 S.W.2d 290 (1963), wherein it is written:

"RCr 11.42 does not authorize relief from a judgment of conviction for mere errors of the trial court."

The judgment is affirmed.