Ronald Lee **TIPTON** et al., Appellant,

v.

**COMMONWEALTH** of Kentucky, Appellee.

Court of Appeals of Kentucky.

Jan. 21, 1966.

Ronald Lee Tipton, pro se and James Sprinkle, pro se.

Robert Matthews, Atty. Gen., George F. Rabe, Asst. Atty. Gen., Frankfort, for appellee.

DAVIS, Commissioner.

The appellants, Ronald Lee Tipton and James Sprinkle, appeal from the order denying their joint motion to vacate a judgment convicting them of armed robbery. The same appellants have previously had review of their former motion to vacate the same judgment. Tipton v. Commonwealth, Ky., 376 S.W.2d 290.

The present appeal flows from their RCr 11.42 motion filed in the trial court on August 23, 1965. In the motion so filed the appellants presented two bases upon which they deemed themselves entitled to the relief sought: (1) that no counsel was appointed for them upon their examining trial, and (2) the counsel who was appoint-ed to represent them upon the trial in circuit court failed to perfect an appeal for them, in forma pauperis, which had been permitted by the trial court. After the Commonwealth had filed response to the motion, appellants filed a "rebuttal" in which it is at least suggested that it was the duty of the trial court to afford these appellants counsel for an appeal. For purposes of this opinion we shall regard this as a third point advanced by appellants.

The trial court overruled the motion to vacate, without a hearing and without appointment of counsel, upon the grounds that the alleged bases for relief were refuted on the face of the original record and in light of the adverse ruling already made in the first appeal above cited. Odewahn v. Ropke, Ky., 385 S.W.2d 163.

The appellee points out that RCr 11.42(3), which became effective January 1, 1965, specifically requires that any motion to vacate under RCr 11.42 shall " * * * state all grounds for holding the sentence invalid of which the movant has knowledge. Final disposition of the motion shall conclude all issues that could reasonably have been presented in the same proceeding." The appellants retort that RCr 11.42 contained no such provision at the time they filed their original motion to vacate. However, we do not consider that fact as dispositive of the matter. In our view, the amendment to RCr 11.42 promulgated September 23, 1964, effective January 1, 1965, now designated as RCr 11.42(3) is merely declaratory of the common law rule which already applied to RCr 11.42 as it was originally drafted.[1] The purpose of the amendment was to dispel any doubt in that area. The language as now written in the rule is comparable to that employed in the federal rule affording post-conviction remedy. 28 U.S.C. § 2255 contains, among others, this provision:

"The sentencing court shall not be required to entertain a second or suc-

---

1. See Burton v. Tartar, Ky., 385 S.W.2d 168; Baker v. Davis, Ky., 383 S.W.2d 125.

cessive motion for similar relief on behalf of the same prisoner."

■ We are of the view that appellants have no legal right to make this second assault upon the judgment of conviction. However, since the record is before us, and in order to preclude additional litigation, we shall dispose of the points raised by appellants.

■ The fact that appellants were not provided counsel at the examining trial is not basis for the relief sought in the absence of any allegation or showing that anything occurred at the examining trial amounting to prejudice to either of the appellants. Carson v. Commonwealth, Ky., 382 S.W.2d 85; cert. den. 380 U.S. 938, 85 S.Ct. 949, 13 L.Ed.2d 825; DeToro v. Pepersack, (4th Circuit), 332 F.2d 341, cert. den., 379 U.S. 909, 85 S.Ct. 198, 13 L.Ed.2d 181; Pointer v. State of Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923.

■ Neither is there merit in the claim that appointed counsel failed to perfect an appeal for the appellants from the original judgment of conviction. Under no circumstance would that have become a ground for vacating the judgment per RCr 11.42. It could, under appropriate circumstances, become the basis for an appeal which otherwise would have been foreclosed as too late. See McIntosh v. Commonwealth, Ky., 368 S.W.2d 331; Curry v. Commonwealth, Ky., 390 S.W.2d 891. The appellants have failed to point to any asserted error at the original trial of which complaint could have been made upon appeal. In such circumstance, even if appointed counsel had deliberately or negligently failed to perfect an appeal (which we by no means imply), appellants would not be entitled to perfect a perfunctory appeal—devoid of any claimed basis for reversing the judgment from which the appeal would be taken. Mitchell v. United States, 103 U.S.App.D.C. 97, 254 F.2d 954, cert. den., 371 U.S. 838, 83 S.Ct. 64, 9 L.Ed.2d 73.

■ What we have said disposes of the contention that appellants were denied the right to counsel on appeal. The record does not reflect that they actually were denied counsel, but even if it did, this alone would not afford basis for vacating the judgment of conviction in the absence of at least an allegation of reversible error lurking in the original trial.

■ By a supplemental brief filed in this court, the appellants raise for the first time their claim that they were denied a court reporter at the original trial. They place reliance upon Lane v. Brown, 372 U.S. 477, 83 S.Ct. 768, 9 L.Ed. 892; Griffin v. State of Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891, 55 A.L.R.2d 1055; Burns v. State of Ohio, 360 U.S. 252, 79 S.Ct. 1164, 3 L.Ed.2d 1209, and similar decisions. The case at bar is, we think, clearly distinguishable from the cited authorities. There was a bystander's bill of evidence brought up on the appeal in the first RCr 11.42 proceeding. Ky., 376 S.W.2d 290. RCr 12.70 permits such a bill in this jurisdiction. In *Lane,* supra, the Indiana procedure required that a transcript be filed to perfect an appeal from the denial of a writ of error coram nobis. Indiana's Public Defender Law reposed in the Public Defender the sole discretionary right to provide such a transcript. It was that phase of the matter which caused the Indiana law to be struck down. The other cited authorities relate to situations in which an indigent defendant was denied a transcript—when one was available. Such is not this case. Neither is there any factual showing that a court reporter was denied—but most significantly, there is no allegation of any erroneous action taken during the trial which could be made basis for a reversal of the original judgment of conviction. Failing that, the appellants cannot be said to have suffered any prejudice to any substantial right. In such cases we will not reverse. RCr 9.24.

The judgment is affirmed.