William **DUPIN**, Appellant,

v.

**COMMONWEALTH of Kentucky**, Appellee.

Court of Appeals of Kentucky.

Nov. 11, 1966.

William Dupin, pro se.

Robert F. Matthews, Atty. Gen., George F. Rabe, Asst. Atty. Gen., for appellee.

MOREMEN, Judge.

On March 12, 1965, appellant, William Dupin, was convicted of the offense of storehouse breaking and was sentenced to confinement in the penitentiary for a period of four years. No appeal was taken.

On April 19, 1965, he filed a motion to vacate the judgment under RCr 11.42, on the following grounds:

1. Violation of constitutional rights.

2. Prejudiced jury.

3. Incompetent counsel.

In a memorandum brief filed with the motion, he set out the details of his contentions. He stated that his court-appointed counsel approached him before trial and said: "For one hundred dollars I can beat this charge for you." Petitioner replied that he had no money. Counsel then asked if he would enter a plea of guilty and take a two-year sentence if his alleged accomplice were freed. The reply was "No." Counsel then stated that he would see that the accomplice got five years. Petitioner concluded that this showed a lack of interest and should be interpreted as incompetency.

**444**

In addition it was alleged that on voir dire examination four jurors stated that they were friends of the complaining witness and eight jurors said they had traded at his store, and when appellant asked counsel to remove the jurors that might be prejudiced in this case, the counsel's reply was "No, leave them on the jury, none of them like him."

The final point was that counsel refused to allow appellant to testify in his own behalf.

A response was filed by the commonwealth and on May 6, 1965, the motion, on the basis of the record and without full-dress hearing, was overruled.

On September 9, 1965, appellant filed a second motion under RCr 11.42 to vacate the judgment in which the allegations were practically the same as those in the earlier motion. It did state, however, that in the meantime he had filed a petition for habeas corpus in the Lyon Circuit Court which was overruled because he had failed to pursue his remedy under RCr 11.42. It also contained a statement that appellant was not identified or seen within miles of the place where the crime for which he was convicted occurred, and indicated that he may now contend that the evidence was insufficient to support the verdict in the case. This motion was overruled without a hearing and from that judgment this appeal is prosecuted.

Subsection (3) of RCr 11.42 reads:

"The motion shall state all grounds for holding the sentence invalid of which the movant has knowledge. Final disposition of the motion shall conclude all issues that could reasonably have been presented in the same proceeding."

We will not consider the matter of sufficiency of evidence because it was not raised in the first motion and was concluded by that proceeding.

■ The allegations made concerning the alleged conduct of appointed counsel on his first meeting with appellant indicate little more to us than that counsel was attempting to get some compensation for the work he was about to do. If appellant thought such action showed that he was disinterested, he had the right to ask the court to appoint another attorney. Short v. Commonwealth, Ky., 394 S.W.2d 937; Irby v. United States, 101 U.S.App.D.C. 19, 246 F.2d 706, cert. denied, 355 U.S. 961, 78 S.Ct. 547, 2 L.Ed.2d 535, cert. denied, 358 U.S. 890, 79 S.Ct. 135, 3 L.Ed.2d 117 (1957).

■ The complaint about the alleged action of counsel in regard to the jurors and in connection with his failure to place defendant upon the stand shows little more than a mere disagreement between counsel and accused as to the manner in which the trial should have been conducted. This does not invalidate the proceeding. Jones v. Commonwealth, Ky., 388 S.W.2d 601.

The judgment is affirmed.