**Ronald L. STINNETT, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 3, 1969.

Ronald L. Stinnett, pro se.

John Breckinridge, Atty. Gen., Joseph Famularo, Asst. Atty. Gen., Frankfort, for appellee.

CULLEN, Commissioner.

This is an appeal from an order of the circuit court overruling, *without a hearing*, the motion of Ronald L. Stinnett, under RCr 11.42 seeking to have set aside three judgments of September 10, 1968, under which he is serving sentences of confinement in the penitentiary for a total period of 18 years. Stinnett (claiming indigency) was represented by appointed counsel on his trial. The judgments were not appealed.

It is our opinion that under Hall v. Commonwealth, Ky., 429 S.W.2d 359; Wedding v. Commonwealth, Ky., 394 S.W.2d 109, and Hammershoy v. Commonwealth, Ky., 398 S.W.2d 883, the allegations of Stinnett's motion with reference to inadequacy of representation by counsel on his trial, and to denial of an appeal, were sufficient to require the granting of a hearing. By reason of Rodriquez v. United States, 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340, we overrule Tipton v. Commonwealth, Ky., 398 S.W.2d 493, and Williams v. Commonwealth, Ky., 405 S.W.2d 17, to the extent they require an allegation that meritorious grounds existed for an appeal or require an identification of such errors.

If, upon a hearing, the ground of denial of an appeal is established, the trial court shall follow the procedure indicated in Hammershoy v. Commonwealth, Ky., 398 S.W.2d 883, with respect to providing

counsel for a belated appeal or vacating the judgments.

The judgment is reversed for further proceedings in conformity with this opinion.

HILL, C. J., and PALMORE, MILLI-KEN, REED and STEINFELD, JJ., concur.