Ronald TIPTON, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

June 26, 1970.

Blake Page, Winchester, for appellant.

John B. Breckinridge, Atty. Gen., George Rabe, Asst. Atty. Gen., for appellee.

PALMORE, Judge.

In September of 1956 the appellant, Ronald Tipton, and a co-defendant, James Sprinkle, were convicted in the Clark Circuit Court of armed robbery and were sentenced to life imprisonment. KRS 433.140. They were represented by counsel, and during the course of the proceeding timely objection was raised against the jurisdiction of the trial court on the ground the crime had not been committed in Clark County. The same point was raised again by motion for arrest of the judgment, which was overruled.

In June of 1963 Tipton and Sprinkle filed an RCr 11.42 motion to vacate the judgment on the same ground. This court, in affirming a judgment overruling the motion, held that "insufficiency of proof of venue is not a ground for collateral attack of a judgment." Tipton v. Commonwealth, Ky., 376 S.W.2d 290 (1964).

In August of 1965 Tipton and Sprinkle filed another RCr 11.42 motion to vacate the judgment, this time on the ground that they had been unconstitutionally deprived of an appeal through lack of counsel. The motion was overruled and, in affirming, this court held it was deficient in not alleging the existence of a reversible error. Tipton v. Common-

wealth, Ky., 398 S.W.2d 493 (1966). Later, in Stinnett v. Commonwealth, Ky., 446 S.W.2d 292 (1969), the second *Tipton* opinion and other cases holding that an allegation of meritorious grounds is required in order to state a case on the ground of an unconstitutional denial of the right of appeal were overruled. Meanwhile, Tipton had filed a habeas corpus proceeding in the United States District Court for the Eastern District of Kentucky, and after the *Stinnett* decision was handed down that court entered an order directing the warden of the Kentucky State Penitentiary to discharge Tipton from custody unless within 90 days the Commonwealth saw to it that his appeal to this court, with counsel and a transcript of the record, was perfected. In deference to that order we now entertain Tipton's appeal from the 1956 judgment and have overruled his motion contending we do not have jurisdiction.

With respect to our jurisdiction, the argument is that it expired long ago and could not be reconstituted by any action of the federal court. If we had no jurisdiction to review a judgment after expiration of the time regularly provided for an appeal (formerly by statute, under the Criminal Code, and now by the Rules of Criminal Procedure), we would not have had the authority to promulgate RCr 11.42 or CR 60.02, the direct purpose of which is to provide for a delayed review under extraordinary circumstances. If a man has been deprived unconstitutionally of a right of appeal this court certainly has the power to right the wrong by giving him the review he wanted in the first place. We know, of course, that he would prefer just to get out of prison and let bygones be bygones, but the public also has its rights. So we proceed to a review of the venue question.

■ The record of the trial testimony consists of a bystanders bill prepared and filed incident to the first RCr 11.42 proceeding. See RCr 12.70. Its contents are as follows:

"In the early part of a night in the summer of 1956 Warren Hoskins, alone in his two-door Mercury automobile stopped his car at a stop light near the Beverly Hills Country Club in Newport, Kentucky. While he was waiting for the light to turn green, Ronald Tipton and James Sprinkles approached from the side of the street and at gun point forced themselves into the car. At their direction he drove the car through and a few miles south of Newport where they had him stop the car. At that point they tied him up with some available means, put him in the back seat, and one of them drove the car south passing through Lexington and into Winchester, in Clark County. From Winchester with one of them continuing to drive they proceded several miles out one of the county roads to an uninhabited area where they stopped the car. At gun point they forced Hoskins to get out of the car and accompany them several hundred yards along a deep and winding ravine to a spot in a wooded area out of sight and hearing distance from the county road, all in Clark County. There they tied him to a small tree, pistol whipped him, took what money he had on him, and left him there. They then proceeded back to the car, got in it and drove it down in one of the mountain counties where they wrecked it. This all occurred at night. When morning came Hoskins aroused himself sufficiently to untie himself and walk to the nearest farmhouse to have the incident reported to the county officers. Later Lipton and Sprinkles were apprehended, indicted, tried and convicted as shown by the record."

At the time the offense was committed and the indictment was returned Criminal Code § 21 provided as follows: "If an offense be committed partly in one and partly in another county, or if acts and their effects constituting an offense occur in different counties, the jurisdiction is in either county."

The property of which the indictment charged that Hoskins had been robbed was the automobile. Tipton's contention is that the crime was completed in Campbell County when it was taken from his possession and control.

Both sides cite Runyon v. Morrow, 192 Ky. 785, 234 S.W. 304, 19 A.L.R. 632 (1921), in which two men sought a writ of prohibition to prevent the judge of the Pulaski Circuit Court from trying them on a charge of housebreaking (§ 1162, Kentucky Statutes, now KRS 433.180) after they had been first indicted in Rockcastle County for grand larceny. The property alleged to have been stolen was an automobile taken from a garage in Pulaski County and carried into Rockcastle County. This court held that the crime of housebreaking, though it consisted of two elements, the breaking and the theft, "must necessarily be done where the house is." Prohibition was denied on the ground that a plea of double jeopardy would provide an adequate remedy in the event the petitioners were later brought to trial in Rockcastle County after having been tried in Pulaski County. However, in proceeding to this conclusion the court observed that there "is no doubt that a simple larceny is punishable in any county to which the thief may carry the stolen article, with a continuing felonious intent to make it the subject of larceny. * * * This is held upon the fiction of the law that the legal possession of the property remains in the owner, and when the thief carries it into another county the continuance of the trespass amounts to a new taking and a new asportation, and hence a new felony, and he may be punished in that county for the felony committed in it, * * *"

If the rightful owner's possession of stolen property is deemed to continue wherever it is carried by the thief, *a fortiori* it must be so when the victim himself is carried along with it. We have no doubt that the theft in this case continued into Clark County, and so did the element of armed force. Even, therefore, in the absence of Criminal Code § 21 the Clark Circuit Court would have had proper venue.

The judgment is affirmed.

All concur.