**Wallace Oscar BOYD, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Supreme Court of Kentucky.

March 11, 1977.

Rehearing Denied June 10, 1977.

See Ky., 550 S.W.2d 511.

Jack Emory Farley, Public Defender, Allen W. Holbrook, Asst. Public Defender, Frankfort, for appellant.

Robert F. Stephens, Atty. Gen., Mark F. Armstrong, Asst. Atty. Gen., Frankfort, for appellee.

LUKOWSKY, Justice.

Wallace Oscar Boyd was indicted, tried and convicted in the Greenup Circuit Court of the intentional multiple murders of Alete Gilliam and Edward Howard. The statutes required the jury to fix his punishment at death. KRS 507.020(2)(e) and KRS 532.-030(1). He appeals.

■■■ The primary question presented for decision is the constitutionality of Kentucky's 1974 mandatory death penalty, vis-a-vis, the Eighth and Fourteenth Amendments of the Constitution of the United States. Relying on the decisions of the Supreme Court of the United States in *Gregg v. Georgia,* 428 U.S. 153, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976); *Proffitt v. Florida,* 428 U.S. 242, 96 S.Ct. 2960, 49 L.Ed.2d 913 (1976); *Jurek v. Texas,* 428 U.S. 262, 96 S.Ct. 2950, 49 L.Ed.2d 929 (1976); *Woodson v. North Carolina,* 428 U.S. 280, 96 S.Ct. 2978, 49 L.Ed.2d 944 (1976); *Roberts v. Louisiana,* 428 U.S. 325, 96 S.Ct. 3001, 49 L.Ed.2d 974 (1976), the Attorney General of the Commonwealth candidly concedes the unconstitutionality of Kentucky's mandatory death penalty.

The Supreme Court of the United states is the final interpreter of the Federal Constitution. Article VI, Section 2 of that document provides:

"This Constitution . . . shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or laws of any State to the contrary notwithstanding." ●

Consequently, we have no choice but to accept the concession and hold the mandatory death penalty to be unconstitutional.

■■ The secondary question presented for decision is that of the punishment to be imposed upon Boyd once the unconstitutionality of the mandatory death penalty is established. The trial court instructed the jury on the intentional simple murder[1] of Gilliam, KRS 507.020(1)(a), the intentional simple murder of Howard, the intentional multiple murders of Gilliam and Howard, KRS 507.020(2)(e), the manslaughter in the first degree[2] of Gilliam, KRS 507.030, and the manslaughter in the first degree of Howard. The jury found Boyd guilty of the intentional multiple murders of Gilliam and Howard. In order for the jury to reach this result it was necessary that it find Boyd guilty of the intentional murders of both Gilliam and Howard under aggravated conditions and reject all possibilities of intentional simple murder or manslaughter convictions.

The jury chose to convict Boyd of the most serious and aggravated offense and invoke the ultimate punishment of death. It deliberately rejected the opportunity to extend mercy by declining to convict Boyd of simple intentional murder or manslaughter in the first degree. It was clearly the intention of the jury to impose the maximum punishment legally permissible. The maximum punishment constitutionally permissible under Kentucky's 1974 penal code is life imprisonment. Unless the verdict of the jury is to be completely frustrated, it is this punishment which must be imposed upon Boyd for each of the two murders of which he stands convicted.

The Public Defender also favors us with a shotgun blast of alleged procedural and trial errors. It is not necessary that we consume bales of paper and barrels of ink to dispose of them. Considering that the unconstitutionality of the mandatory death penalty means that this is no longer a capital case, we are satisfied that the pellets of alleged error are either not error at all or are not properly preserved for appellate review.

---

1. A Class A felony, punishable by imprisonment for not less than twenty years nor more than life.

2. A Class B felony, punishable by imprisonment for not less than ten years nor more than twenty years.

The judgment is reversed insofar as it imposes the death penalty upon Boyd, with directions that Boyd be sentenced to terms of life imprisonment in conformity herewith; in all other respects the judgment is affirmed.

All concur.