George Leslie TROWEL, Jr., Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

Supreme Court of Kentucky.

April 1, 1977.

Terrence R. Fitzgerald, Deputy Public Defender, Louisville, for appellant.

Robert F. Stephens, Atty. Gen., Patrick B. Kimberlin, III, Asst. Atty. Gen., Frankfort, for appellee.

PALMORE, Justice.

George Leslie Trowel, Jr., was convicted of murder under KRS 507.020(1)(a) and sentenced to life imprisonment. He appeals, claiming among other things that the trial culminating in his conviction violated the constitutional protections against double jeopardy. Cf. Amendments 5 and 14, U.S. Constitution; Sec. 13, Kentucky Constitution.

On September 8, 1975, a grand jury of Franklin County indicted Trowel for the capital offense of murder during the com-

mission of first degree rape. The indictment was drawn under KRS 507.020(2), which classified murder as a Class A felony except for certain aggravating circumstances in which it classified murder as a capital offense. One of the aggravated situations in which it specified the crime as calling for the death penalty was that the "act of killing was intentional, and occurred during the commission of . . . rape in the first degree."

KRS 532.030(1), which prescribed the death penalty for capital offenses, provided that "any crime classified as a capital offense may at the discretion of the state be prosecuted as a Class A felony, provided such election to so prosecute is made at the time of indictment."

■ The case was tried on November 19, 1975. At the conclusion of the evidence Trowel moved for a directed verdict of acquittal. That motion being denied, he moved "to dismiss the charge of rape contained in the indictment," which motion was granted to the extent that the case was submitted to the jury under instructions authorizing a conviction for murder, but not for murder during the commission of rape.[1] However, the jurors proved unable to agree on a verdict, whereupon the court declared a mistrial. Later on, the grand jury empanelled for the next term of court returned a new indictment charging Trowel with murder under KRS 507.020(1)(a), a Class A felony, following which the trial court dismissed the original indictment of September 8, 1975, and the case proceeded to trial and a verdict of guilty under the new indictment. Trowel's timely motion for dismissal of the second indictment on the ground of double jeopardy was denied.

■ The death penalty as authorized under KRS 507.020(2) and KRS 532.030(1) has now been declared invalid in *Boyd v. Commonwealth*, Ky., 550 S.W.2d 507 (decided March 11, 1977). Nevertheless, it is Trow-

el's contention that after having been effectually acquitted in a prosecution under KRS 507.020(2) he could not constitutionally be tried again for another offense "made up of the whole or part of the same crime," cf. *Runyon v. Morrow*, 192 Ky. 785, 234 S.W. 304, 306 (1921). It is elementary, of course, that a mistrial precipitated by a jury's inability to reach a verdict does not prevent another trial of the same charges on which the hung jury could have found the defendant guilty, *Cornwell v. Commonwealth*, Ky., 523 S.W.2d 224, 226 (1975); *Logan v. United States*, 144 U.S. 263, 297–298, 12 S.Ct. 617, 36 L.Ed. 429 (1891); but Trowel's argument is that in view of the "election" requirement of KRS 532.030(1), simple murder under KRS 507.020(1)(a) was not a lesser degree of, or an included offense under, the capital murder offense defined by KRS 507.020(2). His theory is, therefore, that upon determining that the evidence was insufficient to justify submission of the case to the jury under a capital murder instruction the trial court erred in submitting it under a simple murder instruction.

■ Though it may be academic now, the election requirement of KRS 532.030(1) apparently was intended to preclude prosecutorial use of the death penalty as a plea-bargaining tool. We do not agree with counsel for Trowel that its purpose was to avoid impermissible discretion by the jury. A choice between different degrees of the same offense based on the presence or absence of substantial elements or other reasonable differentiating considerations does not amount to impermissible discretion. If it did, there could never be a capital punishment case in which the defendant might be found guilty of a lesser offense. Anyway, our opinion in *Boyd v. Commonwealth*, Ky., 550 S.W.2d 507 (1977), by necessary implication holds that capital murder was simply a higher degree of intentional murder as defined in KRS 507.020(1)(a). Thus it was

---

1. Technically, the motion should have been denied and then treated as an objection to an instruction on capital murder. In substance, however, the same result was reached. As to the impropriety of a motion for a directed ver-

dict as a procedural means for obtaining any relief short of a complete acquittal, see discussion in *Kimbrough v. Commonwealth*, Ky., 550 S.W.2d 525 (decided today).

entirely proper for the trial court to instruct on the lesser offense after determining that the evidence would not support a conviction under KRS 507.020(2).

We recognize that a decision by the trial court that the evidence is sufficient only to convict on a lesser offense could be regarded as in the nature of an "election," but we cannot and do not believe that in enacting KRS 532.030(1) the General Assembly had any notion whatever of denying to either party, state or defendant, the benefit of instructions covering lesser degrees of a capital offense.

It occurs to us also that if Trowel's theory were correct, the subsequent invalidation of capital murder as defined in KRS 507.-020(2) probably would have expunged the jeopardy as well. As a conviction under a void statute would itself be void [2] and subject to collateral attack, it is difficult to see how there could be any jeopardy.

■ Though Trowel does not seek to rest his claim of former jeopardy on the substitution of a new indictment for the one pursuant to which he was first tried, it bears mention for the sake of clarification. A new indictment charging only the lesser degree that was still in litigation by virtue of the mistrial was not necessary, but probably the Commonwealth's Attorney thought that it was required by the "election" provision of KRS 532.030(1). In any event, the return of a new indictment and dismissal of the old was simply a procedural move to restate a viable charge then pending for retrial. In terms of jeopardy it changed nothing.

Trowel stresses that in the first trial he was "acquitted" of rape, yet he was tried again for the same thing because at the second trial the Commonwealth pitched its case on rape as a motive for the crime. It must be remembered, however, that under the capital murder indictment the commission of rape was an indispensable element, whereas in the trial for simple murder the only significance of rape or attempted rape was as evidence of motive. A belief by the jury that rape had been committed was not essential to a conviction. Had the Commonwealth sought to prosecute Trowel for rape instead of murder, his theory that he had been acquitted at the first trial would have had a sounder basis.

■ A similar argument is made with respect to the prejudicial effect of the Commonwealth's summation to the jury, in which the prosecuting attorney contended that the murder had been committed incident to a brutal rape. Again, however, we think the answer is that the withdrawal of this element from consideration by the jury at the first trial was not tantamount to an adjudication that in fact the defendant had not raped the victim. The adjudicated fact was merely that the evidence in that trial was not sufficient to support a finding beyond a reasonable doubt that he had. Had this been an old-fashioned murder-manslaughter case submitted to the jury only under manslaughter instructions because the evidence of malice aforethought was insufficient to support a conviction for murder, the Commonwealth at the second trial, for manslaughter alone, would not have been precluded from contending that there had been malice aforethought. Such a contention certainly could not amount to retrying the defendant for murder, because the instructions would prevent it. In any event, we are of the opinion that there was nothing in the outcome of the first trial to restrict the Commonwealth in its efforts to prove rape as a motive for murder in the second trial.

Trowel's last contention is that the evidence was not sufficient to support a conviction for murder. We think, however, that the circumstances proved by the Commonwealth cannot be dismissed as raising no more than a suspicion. Though Trowel was not caught in the act, it seems distinctly probable from the evidence that he was the guilty party. Numerous variations of the rule, or a rule, have been expressed with respect to the sufficiency of circumstantial evidence to support a conviction in a criminal case. See *Moore v. Common-*

---

2. Cf. *Beach v. Lady*, Ky., 262 S.W.2d 837, 839 (1953).

*wealth*, Ky., 446 S.W.2d 271, 272–273 (1969). These various statements have not been altogether harmonious, so it has become customary for them to be cited at cross-purposes, as if they stood for different principles. In fact, however, they are supposed to mean the same thing, which we think can be better expressed as follows:

If under the evidence as a whole it would not be clearly unreasonable for a jury to find the defendant guilty, he is not entitled to a directed verdict of acquittal. Applying that criterion, we cannot avoid the conclusion that the verdict of the jury in this case was not unreasonable.

The judgment is affirmed.

All concur.