Steve REED, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Supreme Court of Kentucky.

March 20, 1979.

Jack Emory Farley, Public Defender, Linda K. West, Asst. Public Defender, Frankfort, for appellant.

Robert F. Stephens, Atty. Gen., Robert W. Hensley, Asst. Atty. Gen., Frankfort, for appellee.

AKER, Justice.

Appellant Steve Reed was convicted by a jury in Muhlenberg Circuit Court of first-degree robbery, KRS 515.020, and attempted murder, KRS 506.010. The trial court sentenced him to 20 years' imprisonment on each count, directing that the sentences run concurrently. Reed appeals from that conviction. The judgment of conviction from which he appeals contained the first-degree robbery conviction and the attempted murder conviction. Appellant admitted his participation in the robbery and since his argument on appeal does not attack the first-degree robbery conviction, we hereby affirm so much of the judgment of conviction as deals with first-degree robbery. Our discussion and consideration concerns only the attempted murder conviction.

The incident leading to appellant's conviction and subsequent appeal occurred in Central City, Kentucky on January 27, 1978. At approximately midnight on that date appellant and some companions robbed a Kwik Pik store at gun point. During the course of the robbery, appellant's gun discharged, resulting in the clerk, Darlene Henderson, being struck in the side of the head by a bullet. Miraculously she survived.

The Commonwealth introduced evidence that the shooting was intentional and appellant contends that it was accidental. During the course of the trial the Commonwealth's Attorney, on cross-examination of the appellant, held up a pistol reportedly used in the robbery and asked appellant if it was his; whereupon the appellant answered, "That looks like my gun but I couldn't swear to it." The Commonwealth, without making any further attempt to identify the pistol as the one used by appellant, offered it as an exhibit, which was admitted into evidence over appellant's objection.

The trial judge permitted the jury to take the gun into the jury room during its deliberations. After the verdict was returned, and before the jury was dismissed, it was ascertained that seven jurors had performed a test with the gun which had affected their verdict.

Reed argues on appeal that it was error to introduce the pistol when no adequate foundation had been laid. He asserts that a minimum foundation requires evidence to be identified as that which it purports to be. Appellant contends there is no evidence

linking him to the particular gun shown the jury. We agree.

Appellant further argues his 6th amendment confrontation right was violated by the performance of an out-of-court test on the gun. The test, he urges, allowed the jury to consider evidence which was not presented from the witness stand.

The introduction of the pistol into evidence was not necessary to sustain a conviction for attempted murder. However, once the Commonwealth attempted to introduce it into evidence as the gun used by appellant, it must do so properly. It is apparent from the evidence that appellant's statement that the gun looked like his falls far short of the standards of admissibility which would tend to prove that the gun was the one actually used by appellant in the robbery and subsequent shooting. The proper identification of the pistol is critical to appellant since it was subsequently established that seven of the jurors "tested" the pistol and partially based their verdict on the results of that test. It must be concluded that the jurors were curious as to the difficulty or ease with which the trigger could be pulled as it related to appellant's claim of accidental shooting.

We need not decide the question of whether the jury could independently test the weapon since the pistol in question was erroneously in evidence, thus making any subsequent test by the jury erroneous. Therefore we conclude that the conviction of attempted murder must be reversed since the jury relied on evidence improperly admitted.

The judgment of conviction of armed robbery is affirmed and the judgment of conviction of attempted murder is reversed and a new trial ordered on the conviction of attempted murder.

All concur.