**Billy M. SMITH, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Supreme Court of Kentucky.

Feb. 16, 1983.

Jack Emory Farley, Public Advocate, Mark A. Posnansky, Asst. Public Advocate, Frankfort, for appellant.

Steven L. Beshear, Atty. Gen., Sarah M. Jackson, Asst. Atty. Gen., Frankfort, for appellee.

VANCE, Justice.

The questions presented by this appeal are: (1) was the evidence sufficient to support the verdict; (2) is a reversal of the judgment required because the jury was permitted to take into the jury room and consider articles which were not admitted in evidence; and (3) must the judgment be reversed because a prosecuting witness was permitted to testify in chief that appellant had previously been convicted of a felony?

Appellant was convicted of first-degree burglary and attempted first-degree rape with sentences fixed by the jury of 15 and 5 years respectively, which were enhanced to 22 years on conviction as a persistent felony offender.

At approximately 2:30 a.m. an intruder broke into the home of Joyce Wilson, stole money from her purse, held a knife to her throat, and attempted to rape her. In the struggle the assailant was pushed against a plasterboard wall of her home and markings were left on the wall which may have been made by the assailant's belt buckle. The intruder fled from a backdoor of her house in an easterly direction toward a neighboring subdivision.

The victim immediately called the police who arrived upon the scene within a very short time. The intruder was described by the victim as a slender black man, approximately five feet eight inches to five feet ten inches tall, about twenty to twenty-five years old, and similar in build to a young black male the victim had observed earlier in the week staring at her as she entered her home. Police discovered red clay mud on the carpet in her home at various places including the place where the intruder

stood beside the bed during the attempted assault. It had rained until approximately 8:00 p.m. the night before the attempted assault.

The appellant lived in his father's home approximately three blocks from Joyce Wilson's residence in a subdivision east of the Wilson house. After concluding their investigation in the Wilson home, police officers went directly to the Smith home, arrived there about 3:30 a.m., and were admitted by appellant's father who gave permission to search the premises.

In substance, the evidence against the appellant, all circumstantial, was as follows:

1. The intruder was described by the victim as being a young black male approximately five feet eight inches or five feet ten inches tall, twenty to twenty-five years old, and similar in build to a man she had previously observed staring at her. The appellant was black, in the age range of twenty to twenty-five years, and was approximately five feet five inches tall. The appellant was identified by the victim from photographs and in court as being the same person who had stared at her intently as she was entering her residence the previous week.

2. The appellant admitted that he had been with friends near a municipal playground until 1:30 to 2:00 a.m. just before the assault occurred.

3. A pair of shoes found in appellant's room were wet and had red clay mud on them. Plaster casts were made of shoe tracks leading in the direction of the Wilson house across a muddy field 300 yards wide, adjacent to the Wilson house. These tracks approached the house to within a distance ranging from 30 feet to 150 yards by various estimates of police officers. Laboratory analysis could not determine that the tracks were made by appellant's shoes, but they were made by shoes of the same type, size, and design as the shoes owned by appellant. It was also shown that no store in Campbellsville, where this incident occurred, sold this brand of shoes, and there was testimony that the design of the shoes was very unusual.

4. The soil samples taken from the Wilson home and from appellant's shoes were too small to permit identification by laboratory tests; however, it was shown that the soil from the house and the soil from the shoes was red clay mud.

5. The pant legs on a pair of trousers found in appellant's room when the police were there at 3:30 a.m. were wet half way to the knees. A field to the east of the victim's home in the direction which the intruder fled was covered with high grass and weeds which would have been wet because of the rain before the assault.

6. A knife found in the appellant's room was found, under microscopic examination, to have brass filings on its blade. Entrance was gained to the residence by tampering with the lock on the rear door which had a brass-covered doorknob.

7. Photographs of marks or scratches on a wallboard in the Wilson bedroom and the belt buckle which was taken from appellant's room showed that the parallel scratches on the wallboard matched the width of the belt buckle. Police theorized that the scratches were made on the wallboard by the belt buckle of the assailant when he was thrown against the wall during the struggle.

All of the evidence against the appellant was circumstantial in nature, but conviction may be based upon circumstantial evidence which is of such character that reasonable minds would be justified in concluding that the person charged was guilty beyond a reasonable doubt. *Moore v. Commonwealth,* Ky., 488 S.W.2d 703 (1972). We are presented with no single circumstance which points with certainty to appellant when it is considered alone. None of the circumstances, considered alone, are more consistent with guilt than with innocence, but the combination of circumstances, all of which fit the appellant in some measure, when considered as a whole renders the possibility of appellant's innocence so unlikely that we cannot say as a matter of law that it would be clearly unreasonable for a jury to find the appellant guilty. *Trowel v.*

*Commonwealth,* Ky., 550 S.W.2d 530 (1977). The trial judge characterized the circumstantial evidence as weak, and we agree that it approaches the minimum necessary to sustain a conviction; yet, under the test enunciated in *Trowel,* we think it was sufficient to submit the issue of guilt to the jury.

It follows, however, that the weaker the evidence of guilt, the more likely it is that incriminating evidence erroneously admitted or considered by a jury will be considered to be prejudicial. The jury was permitted to take into the jury room a piece of plasterboard which ostensibly had been cut from the wall of the Wilson home which had scratches upon it which may have been made by appellant's belt buckle. Apparently the jurors made tests or experiments with this board because after the verdict it was found to have markings upon it which were not present when it was taken into the jury room.

This piece of plasterboard was never admitted in evidence. No foundation was laid for its admission. It was never shown that this plasterboard actually came from the Wilson residence or when or where the markings upon it were made. It was not, as the Commonwealth contended, evidence which could have been admitted as an exhibit based upon the testimony in the case.

It is a fundamental principle that the state must establish guilt solely on the basis of evidence produced in the courtroom under safeguards assuring a fair trial. Jurors have no right to investigate or acquire information relating to the case outside of that which is presented to them in the course of the trial in accordance with established trial procedure. *Farese v. United States,* 428 F.2d 178 (5th Cir.1970); *Reed v. Commonwealth,* Ky., 579 S.W.2d 109 (1979).

It is apparent here that jurors used the plasterboard in making experiments or tests with appellant's belt buckle and thus came into some knowledge by reason of their own experiments which were not conducted under any safeguards and which afforded appellant no opportunity to cross-examine or to respond.

Pictures of the belt buckle and the plasterboard wall of the Wilson home were properly admitted in evidence, but do not correct the error or render it harmless because it was not shown that the plasterboard taken to the jury room was the same plasterboard represented by the pictures, and the pictures themselves were not subject to experimentation by the jurors.

In *Reed v. Commonwealth, supra,* we held that jury experimentation on exhibits which had been improperly admitted in evidence constituted error. It must follow that experiments on items which were not, and could not have been, admitted in evidence must also constitute error. Given the borderline quality of the evidence upon which the conviction was based, we cannot now say that the jurors' access to and experimentation with articles not admitted in evidence did not prejudice the appellant.

Because there must be a retrial, we shall comment upon one other evidentiary matter. The Commonwealth was permitted, over objection, to show on its case in chief that appellant had been convicted of the felony of theft by unlawful taking. This came about when appellant's counsel questioned police officers as to whether it was their habit to arrest appellant every time a black man was implicated in a crime, and if, in fact, appellant had not been arrested and then exonerated on two specific occasions. The Commonwealth's Attorney then asked if it were not true that appellant had been convicted of a felony. This question and the answer were permitted on the ground that appellant's counsel had opened up the issue.

The appellant's counsel opened the issue of whether the appellant had been the victim of arrests for offenses of which he was not proven guilty. He did not open the question of whether appellant had any previous convictions, and the proof of such conviction did not rebut the fact that on two occasions he had been arrested and exonerated. At best, the testimony showed only that he was not exonerated on every occasion he had been arrested, but appellant

had made no such claim. On a new trial, if the testimony remains the same, no mention of the appellant's previous felony conviction will be permitted on the Commonwealth's case in chief.

The judgment is reversed for further proceedings.

All concur.